MRS. J. V. D'ARMOUR, JR., v. BEESON HARDWARE COMPANY, INC.

(Filed 22 May, 1940.)

**1. Principal and Agent § 7—**

Neither the fact of agency nor its scope can be proven by acts and declarations of the alleged agent, and ordinarily such acts and declarations are not admissible until evidence of agency *aliunde* has been offered, but the order of proof rests largely in the discretion of the trial court.

**2. Same—**

The fact of agency and its scope may be proven by the direct testimony of the agent.

**3. Trial § 13—**

The order of proof rests largely within the discretion of the trial court.

**4. Trial § 17—**

Where evidence is competent for a restricted purpose, it is incumbent upon the adverse party to request that its admission be restricted, and in the absence of such request its general admission will not be held for error.

**5. Same—**

Where incompetent evidence is admitted over objection, and later during the trial such evidence becomes competent for the purpose of contradicting and impeaching a witness, it is incumbent upon the adverse party, upon the evidence becoming competent for the restricted purpose, to request that its admission be so restricted.

**6. Principal and Agent § 7—Testimony of declarations of alleged agent relating to fact and scope of agency held competent to contradict agent's testimony.**

In this action for malicious prosecution, testimony of declarations relating to the fact and scope of the alleged agency, made by the agent upon the trial of the criminal prosecution, was admitted over objection prior to the proof of agency by other evidence. Later the alleged agent testified that he had not made the declarations or that he did not remember having made them. Defendant principal made no request that the admission of the testimony be restricted. *Held:* Although the testimony of the declarations of the alleged agent was incompetent at the time of its admission, it

later became competent for the purpose of contradicting and impeaching the agent's testimony, and its admission will not be held for error.

**7. Master and Servant § 21b: Principal and Agent § 10a—**

A master or principal is liable for a tort of his servant or agent committed in the course of the employment or scope of the authority and in furtherance of the superior's business.

**8. Principal and Agent § 10a—**

In this action for malicious prosecution, the evidence, considered in the light most favorable to the plaintiff, *is held* sufficient to be submitted to the jury upon the question of whether the acts of defendant's agent in procuring the warrant and prosecuting plaintiff were done in the course of his employment and within the scope of his authority as agent of defendant.

**9. Trial § 22b—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff, giving to her the benefit of every reasonable intendment thereon.

**10. Principal and Agent § 10a—**

The charge of the court on the question of the liability of a principal for the tortious act of his agent *held* in accord with the principles enunciated in *Dickerson v. Refining Co.*, 201 N. C., 90, and without error.

APPEAL by defendant from *Clement, J.*, at October Term, 1939, of GUILFORD.

Civil action to recover both compensatory and punitive damages for alleged malicious prosecution.

On 6 December, 1938, upon affidavit of J. Gurney Briggs charging that plaintiff aided and abetted J. V. D'Armour, Jr., in disposing of, and with removing to and secreting in the State of Georgia, a refrigerator on which Beeson Hardware Company had lien, with intent to prevent and hinder the enforcement of said lien, a warrant was issued under provisions of C. S., 4288, for the arrest of plaintiff. Pursuant thereto she was arrested and held to bail to answer said charge in the municipal court of High Point. Upon trial in said court on 29 January, 1939, there was verdict of "Not guilty." At this trial Attorney Waynick appeared in aid of the solicitor for the State in the prosecution of the action, and Briggs appeared as a witness for the State.

Plaintiff alleges that J. Gurney Briggs, in causing said warrant to be issued, was acting as the agent, employee and office manager of defendant and "within the scope of his authority"; that the "defendant employed a private prosecutor to assist the State in the effort to obtain a conviction of this plaintiff"; and that the prosecution was without probable cause and malicious "in that it was instituted and conducted for the purpose of extorting and extracting a sum of money from plaintiff."

Defendant denies these allegations and avers that it knew nothing of the prosecution until after the trial.

Upon the trial of the present action both parties introduced evidence. The case was submitted to the jury upon these issues which were answered as indicated:

"1. Did the defendant Beeson Hardware Company cause the arrest and prosecution of the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, was the arrest without probable cause? Answer: 'Yes.'

"3. If so, was the arrest malicious? Answer: 'Yes.'

"4. What amount of actual damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$1,000.00.'

"5. What amount of punitive damages, if any, is the plaintiff entitled to recover of the defendant? Answer: 'None.'"

From adverse judgment thereon, defendant appeals to Supreme Court and assigns error.

*Gold, McAnally & Gold and J. Keith Harrison for plaintiff, appellee.*
*D. H. Parsons for defendant, appellant.*

WINBORNE, J. Though there are many assignments of error on this appeal, the points stressed for error relate to the basic question as to whether J. Gurney Briggs, in procuring the warrant for and arrest of plaintiff and in employing an attorney to prosecute and in prosecuting her on the criminal charge specified, was acting in the course of his employment and within the scope of his authority as agent of defendant. Regarding this basic question it is urged that the court erred: (1) In the admission of incompetent evidence; (2) in refusing to grant motion for judgment as of nonsuit; and (3) in charge on pertinent principles of law. However, after careful consideration of the whole case, we find no prejudicial error.

1. It is well settled that neither the fact of agency nor its nature and extent can be proven by the acts and declarations of the agent. *Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 817, and cases there cited. Ordinarily, such acts and declarations are not admissible against the principal until evidence of the agency *aliunde* has been offered. *West v. Grocery Co.,* 138 N. C., 166, 50 S. E., 565. However, "proof of agency, as well as of its nature and extent, may be made by direct testimony of the alleged agent." *Parrish v. Mfg. Co., supra,* and cases cited.

In this connection, plaintiff, over objection by defendant, was permitted to testify that in the municipal court on the trial of the criminal action she heard Briggs testify that Mr. Ragan, president of the Beeson Hardware Company, authorized him to sign the warrant, and that "they

arrested me to collect the money." While at the time this testimony was admitted it was incompetent, yet after Briggs as a witness for defendant had denied that he was so authorized by Mr. Ragan or any other officer of the company, and had stated that he did not remember that he testified in the criminal case that the warrant was to collect what he claimed plaintiff owed, the evidence of his declarations in those respects would have been competent for the purpose of contradiction and impeachment. Defendant would have had the right to have the court limit it to that purpose, but in the absence of request that it be so limited, defendant would waive right to objection to its admission generally. *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284. Moreover, when the evidence of the declarations became competent for the purpose of contradiction and impeachment, even though previously admitted, defendant could have then moved the court to limit it to the purpose for which it was competent. Failure to do so constitutes waiver of the right. Ordinarily, the order in which evidence is admitted in conduct of the trial rests in the discretion of the court. We are, therefore, of opinion and hold that the testimony incompetent when admitted, was subsequently rendered competent.

There are other objections to the admission of evidence which in the light of other evidence, admitted without objection, are harmless.

2. The principle is well established that where the relationship of master and servant exists the master is liable for the acts of his servant, whether negligent or malicious, which result in injury to third persons when the "servant is acting within the line of his duty and exercising the functions of his employment." *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415; *Parrish v. Mfg. Co., supra; Snow v. DeButts,* 212 N. C., 120, 193 S. E., 224; *West v. Woolworth Co.,* 215 N. C., 211, 1 S. E. (2d), 546; *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40.

In *Dickerson v. Refining Co., supra,* it is said that "When the servant is engaged in the work of the master, doing that which he is employed or directed to do, and an actionable wrong is done to another, either negligently or maliciously, the master is liable, not only for what the servant does, but also for the ways and means employed by him in performing the act in question."

In *Parrish v. Mfg. Co., supra,* the Court said: "Thus, when a servant, acting with authority or within the scope of his employment, wrongfully procures the arrest of a person, the master is liable in damages for such arrest and imprisonment." Authorities supporting the principle are there assembled.

When all the evidence is considered under these principles and in the light most favorable to plaintiff, giving to her the benefit of every rea-

sonable intendment, as must be done in passing upon motion for judgment as in case of nonsuit at the close of the evidence, it is sufficient to take the case to the jury on the question of the fact of agency of J. Gurney Briggs, as well as its nature and extent.

There is evidence tending to show this factual situation: In 1936 J. V. D'Armour, Jr., husband of plaintiff, executed to defendant a conditional sale contract on the refrigerator in question to secure the balance of purchase price thereof, payable in monthly installments. Thereafter, in 1937, on account of illness, he entered United States Veterans' Hospital at Augusta, Georgia, and has since remained there. After he left High Point, plaintiff, who is a nurse, made certain payments on the refrigerator to General Motors Acceptance Corporation. Plaintiff contends that in December, 1938, there was nothing due Beeson Hardware Company for the refrigerator. However, a claim and delivery proceeding was instituted in the name of Beeson Hardware Company against J. V. D'Armour, Jr., to obtain possession of the refrigerator. J. Gurney Briggs testified: "We took out claim and delivery papers to take up the machine." Briggs was then and had been for twenty years employed by defendant, and had authority to issue claim and delivery papers whenever necessary and "different types of processes to assist Beeson Hardware Company in the recovery of money or property." Testimony of R. R. Ragan, president of defendant company. J. Gurney Briggs testified that "We had, I had" turned the account over to Attorney Waynick for collection; that Waynick "was just working with me on it"; that "the account was for Beeson Hardware Company, but it was an account on my list; I did not particularly have authority to go out and employ a lawyer to collect it; I have some authority. As to whether I have authority to hire lawyers to collect accounts, that depends—I am not an officer in the corporation. I am a bookkeeper. . . . I did not have *specific* authority"; that the attorney had "one or two accounts besides that," and was to be paid for his services by a credit on what he owed Beeson Hardware Company; that "I employed a lawyer to assist in the prosecution of the criminal case without *authorized* authority from the Beeson Hardware Company." Briggs further testified that, after the sheriff had talked with plaintiff regarding the claim and delivery, he talked with her. He said "she called me on the phone and said she did not owe but $31; I told her this wasn't a claim and delivery proceeding, that we did not want anything except what was due on it. . . . We claim it was $52."

Furthermore, without objection, T. S. Mason, an employee of and witness for defendant, speaking of the trial in the criminal case where he was a witness "in the prosecution of this woman," testified "Mr. Briggs told me to come down there. . . . I think they had some lawyers,

the Beeson Hardware Company, Mr. Waynick, and the State had Mr. Ben Herman. . . . I am a bookkeeper and do a little collecting. Do not occupy the same position of responsibility that Mr. Briggs does."

3. The charge of the trial judge clearly and fully sets forth the law applicable to the case in hand. When compared with numerous decisions of this Court, particular *Dickerson v. Refining Co., supra,* the charge follows with marked precision and accuracy established pertinent principles.

The judgment of the court below is
Affirmed.