## STATE v. HANIBAL WOOD.

### (Filed 23 May, 1951.)

**1. Criminal Law § 40b—**

Where defendant does not go upon the stand, his evidence of good character is substantive evidence bearing directly on the question of his guilt or innocence upon the theory that a man of good character is unlikely to do a dishonest or immoral act inconsistent with the record of his past life.

**2. Criminal Law § 42d—**

Evidence of good character of witnesses for the prosecution is corroborative and relevant and material only as bearing upon the credibility of their testimony.

**3. Criminal Law § 53j—**

A charge to the effect that the character evidence of defendant and the character evidence of witnesses for the prosecution constituted substantive, direct evidence, must be held for reversible error.

**4. Criminal Law § 77d—**

The Supreme Court is bound by the record as certified.

APPEAL by defendant from *Hatch, Special Judge,* October Term, 1950, CUMBERLAND. New trial.

Criminal prosecution on bill of indictment charging the defendant with the commission of the crime of incest.

There was evidence the defendant committed the crime charged. The State offered evidence of the good reputation of the prosecutrix and her grandmother, witnesses for the State. While defendant did not testify in his own behalf, he likewise introduced evidence of his good reputation.

There was a verdict of guilty. The court pronounced judgment on the verdict, and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*

*John H. Cook, George S. Quillen, and Everette Doffermyre for defendant appellant.*

BARNHILL, J. In its charge the court instructed the jury as follows:

"Character testimony, gentlemen of the jury, is substantive testimony; that is, it is different than corroborative testimony. It is testimony that is direct from that person that testifies on the witness stand that a person has a good character and reputation, that is, direct to that point and that you should believe what that witness has testified to, whoever the witness might be."

This must be held for error.

The charge as it appears in this record makes no distinction between evidence of the good reputation of witnesses other than the defendant and of the defendant himself.

When the defendant does not go on the witness stand, but puts his good reputation in issue, such testimony constitutes substantive evidence. Substantive evidence is direct evidence and direct evidence is that which immediately points to the question at issue. It is positive in character and is to be considered by the jury as bearing directly upon the issue of defendant's guilt or innocence of the crime charged, upon the theory that a man of good character who has pursued an honest and upright course of conduct is unlikely to deviate therefrom and do a dishonest or grossly immoral act, as here charged, inconsistent with the record of his past life. *S. v. Bridgers, ante,* p. 577, and cases cited.

On the other hand, evidence of the good reputation of witnesses, other than the defendant, is merely corroborative in nature and is relevant and material only as bearing upon the credibility of their testimony. It is offered for the sole purpose of aiding the jury in determining what weight, if any, shall be given the testimony of the witnesses about whom such evidence has been offered.

The quoted instruction draws no such distinction. It characterizes evidence of good reputation as substantive evidence, without qualification. It fails to define correctly the meaning of direct evidence and seemingly directs the jury that it should believe the witness about whom such testimony was offered "whoever the witness might be."

It is entirely possible that the record is not an exact transcript of the charge as actually given by the court below. But we are bound by the record as it comes to this Court and must decide the questions presented as they appear therein.

On authority of *S. v. Bridgers, supra,* the quoted instruction must be held for prejudicial error for which there must be a

New trial.