## STATE v. SAMUEL S. THOMAS.

(Filed 23 May, 1956.)

**1. Criminal Law § 79—**

Exceptions in the record not set out in appellant's brief or in support of which no reason is given or authority cited are taken as abandoned. Rule of Practice in the Supreme Court No. 28.

STATE *v.* THOMAS.

**2. Criminal Law § 48a: Conspiracy § 5—**

The order of proof is a rule of practice resting in the sound discretion of the trial court, and while in a conspiracy prosecution the existence of the conspiracy should ordinarily be proven first and then defendant's connection with it, if at the close of all the evidence every constituent element of the offense is proved, exception on the ground that corroborative evidence was introduced prior to the substantive evidence cannot be sustained.

**3. Criminal Law § 78e(1): Appeal and Error § 24—**

Argument in the brief that the court failed to state the evidence and declare and explain the law arising thereon as required by G.S. 1-180 will not be considered when the assignments of error to the charge fail to point out this objection.

**4. Criminal Law § 81c(4)—**

Where concurrent sentences are imposed upon conviction on two counts, any error relating to one count only would be harmless.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Preyer, J.,* at 28 November, 1955 Criminal Term of GUILFORD (Greensboro Division).

Criminal prosecution upon a bill of indictment charging defendant Samuel S. Thomas and Clayton Strickland (1) with conspiracy to suborn perjury, and (2) subornation of perjury, at the time and place and in the manner set forth therein in detail.

Upon the trial in Superior Court both the State and the defendant offered evidence, and, upon the evidence offered, the case was submitted to the jury under charge of the court.

Verdict: That the defendant Samuel S. Thomas is guilty as charged on both counts.

Judgment: First Count: Imprisonment in Central Prison, Raleigh, North Carolina, for a term of not less than two (2) nor more than four (4) years to be assigned to work as provided by law.

Second Count: Imprisonment the same as on first count—the sentence to run concurrently with the sentence on the first count. Note commitment, under each sentence on each count it is recommended by the court that defendant be given medical examination or psychiatric treatment as is indicated.

Defendant excepts to the judgment and appeals to Supreme Court, and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*J. Kenneth Lee and Major S. High for Defendant Appellant.*

WINBORNE, J. While in the case on appeal defendant appellant groups twenty-four assignments of error, Numbers 1 to 24, both inclusive, based upon exceptions of like corresponding numbers, his brief filed in this Court states three questions as involved on this appeal, the first as arising upon eight assignments of error, the second upon two, and the third upon one.

These assignments of error will be treated as grouped. But other assignments of error based on exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, are taken as abandoned by him. Rule 28 of Rules of Practice in the Supreme Court. 221 N.C. 544, at 563. *S. v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322.

I. The assignments of error first grouped by appellant in his brief are numbers 3, 8, 11, 12, 14, 15 and 16, relating to exceptions of like and corresponding numbers, to the trial court admitting certain evidence for corroboration when at the time there had not been any substantive evidence on the points in question which could then be corroborated by other testimony.

"Although the usual and more orderly proceeding in the development of a conspiracy is to establish the fact of the existence, and then the connection of the defendant with it, yet the conduct of the trial and the order in which the testimony shall be introduced must rest largely in the sound discretion of the presiding judge, and if at the close of the evidence every constituent of the offense charged is proved, the verdict rested thereon will not be disturbed," so declared this Court in opinion by *Smith, C. J.,* in *S. v. Jackson,* 82 N.C. 565. To like effect is *S. v. Anderson,* 92 N.C. 733.

Moreover, in civil cases this Court uniformly holds that the order of proof on trials in the Superior Court is a rule of practice, and not of law, and it may be departed from whenever the court in its discretion considers it necessary to promote justice. See McIntosh N. C. P. & P., 564, p. 711. *D'Armour v. Hardware Co.,* 217 N.C. 568, 9 S.E. 2d 12; *In re Westover Canal,* 230 N.C. 91, 52 S.E. 2d 225.

In the light of the rule of practice so enunciated, applied to the matters covered by the assignments of error under consideration, error is not made to appear. It is seen that the trial judge was careful to properly instruct the jury when objection was entered.

II. Another group of assignments of error Numbers 22 and 24 is based upon exceptions to portions of the charge as given, under which it is contended in the brief of appellant, that the court failed to charge the jury as required by G.S. 1-180.

In this connection, it appears that there is in the record no assignment of error to the effect that the court failed to state in a plain and

correct manner the evidence given in the case and to declare and explain the law arising thereon as required by G.S. 1-180. And where there is no assignment of error in the record for failure of the court to state the evidence and declare and explain the law arising thereon, exception on this ground will not be considered on appeal. *S. v. Spivey,* 230 N.C. 375, 53 S.E. 2d 259. Hence, the question of failure to charge, debated in respect to portions of the charge as given, is not presented. For assignments of error must be predicated upon exceptions previously noted in the case on appeal. *S. v. Gordon, supra,* opinion by *Bobbitt, J.* See also *S. v. Spivey, supra.* Nevertheless error in the charge, to which exceptions relate, is not apparent.

III. The third and final question involved, as stated in brief of appellant, is this: "Should the defendant's motion for nonsuit have been granted for the reason that the State has failed to prove its case against the defendant as is required in subornation of perjury cases?"

This question relates to assignment of error Number 17, which is based upon exception of like number, to the action of the trial court in denying defendant's motion for judgment as of nonsuit, renewed at the close of all the evidence. And judging from the phraseology of the question it may be inferred that defendant directed his motion only to the second count. But if not a reading of the evidence in case on appeal reveals sufficient evidence to take the case to the jury on the first count, that is—as to the charge of conspiracy to suborn perjury.

Moreover, the Attorney-General contends that the present case is distinguishable from the *Sailor case,* 240 N.C. 113, 81 S.E. 2d 191, in that the testimony of three named witnesses constitutes corroborating circumstances within the contemplation of decided cases in this jurisdiction. Be that as it may, without conceding error, the Court deems it unnecessary to discuss the question, as it is noted that on the verdict of guilty as charged on both counts, the court imposed concurrent prison sentences on the two counts. Hence, as stated in *S. v. Riddler, ante,* 78, it would seem no harm has resulted to the defendant of which he can justly complain.

Thus after full consideration of the matters and things presented this Court finds in the trial below

No error.

DEVIN, J., took no part in the consideration or decision of this case.