STATE v. M. H. POTTER, JR., AND JOE C. RANDOLPH.

(Filed 6 April, 1960.)

**1. Conspiracy § 3—**

A conspiracy is an agreement by two or more persons to do an unlawful thing or to do a lawful thing in an unlawful way or by unlawful means, and it is not necessary that the agreement be accomplished, the agreement itself being the offense.

**2. Conspiracy § 5—**

Testimony of declarations made by one conspirator in the absence of the other, which declarations are not made in furtherance of the conspiracy but contain a mere narration of past facts implicating the absent conspirator, is incompetent as against the absent conspirator.

**3. Same: Criminal Law § 90—**

Error in the admission against one conspirator of testimony of declarations made by the other conspirator in his absence, is not cured when only a part of such testimony later becomes competent for the purpose of corroborating the subsequent testimony of the declarant upon the trial, and it would seem that the admission of testimony of such declarations was prejudicial under the facts of this case.

**4. Criminal Law § 106c—**

An instruction to the effect that when the State relies on circumstantial evidence the jury should accept the hypothesis of innocence as much so as the hypothesis of guilt, is prejudicial error, since it is the duty of the jury to accept the hypothesis of innocence even though that of guilt is the more probable.

APPEAL by defendant Potter from *Burgwyn, Emergency Judge,* October 19, 1959 Term, of GREENE.

Criminal prosecution on indictment charging in substance that defendants Randolph and Potter, on or about March 16, 1959, "did unlawfully, wilfully, and feloniously agree, plan, combine, conspire and confederate, each with the other, to unlawfully, wilfully, and feloniously and wantonly set fire to, burn, and cause to be burned" a certain (designated) building owned by Potter and others, situated one-half mile north of Snow Hill on U. S. Highway #258, in which Randolph operated "a barbecue cafe."

The jury found the defendants guilty. Thereupon separate judgments, imposing prison sentences, were pronounced.

Defendant Potter excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Hooper for the State.*

*Jones, Reed & Griffin for defendant Potter, appellant.*

BOBBITT, J.   Appellant rightly concedes the evidence was sufficient for submission to the jury. Hence, the evidence will be stated only to the extent necessary to an understanding of the matters asserted by appellant as grounds for a new trial.

The State offered evidence tending to show that officers found Randolph inside the building, alone, about 1:30 a.m. on Tuesday, March 17th; that the "floor of the building was saturated in gas"; that there were four pasteboard containers and a lard bucket, at different locations, all containing gasoline; that gasoline had been and was leaking from these containers; and that there were "gas fumes all over the building."

There was no fire. Randolph, when testifying, gave this understandable explanation: "It occurred to me that if I lit the match I wouldn't have been anything but a cinder. That is why I didn't."

"A conspiracy is an agreement by two or more persons to do an unlawful thing or to do a lawful thing in an unlawful way or by unlawful means. The heart of the conspiracy is the agreement. It is not necessary that the object sought by the agreement be accomplished." *S. v. Walker,* 251 N.C. 465, 468, 112 S.E. 2d 61.

To incriminate Potter, the State offered evidence tending to show the relationships, associations and activities of Randolph and Potter preceding the night of Randolph's arrest, *i.e.,* circumstances tending to show both motive and preparations for the burning of the building and its contents. In addition, the State offered as a witness a Deputy Insurance Commissioner who, on March 17th, in the course of his investigation, questioned Randolph, in Potter's absence, at the courthouse. Randolph then made statements, according to this witness, to the effect that he and Potter, pursuant to Potter's instigation, had made plans and preparations for Randolph to burn the building for the purpose of getting money from (excessive) insurance coverage.

This testimony, as to Randolph's statements or declarations to the Deputy Insurance Commissioner, was competent as to Randolph. Potter objected to the admission against him of Randolph's said statements or declarations, but his objections were overruled and the evidence was admitted as to both defendants. Potter excepted to these adverse rulings.

"The existence of a conspiracy may not be established by the *ex parte* declaration of an alleged conspirator made in the absence of his alleged coconspirator. Only evidence of the acts committed and declarations made by one of the coconspirators after the conspiracy is formed is competent against all, and then only when the declarations are made or the acts are committed in furtherance of the con-

spiracy." *S. v. Benson,* 234 N.C. 263, 66 S.E. 2d 893, and cases cited. It is clear that the statements attributed to Randolph were not made in furtherance of the conspiracy but, as to Potter, were merely narrative as to what Potter had previously said and done. *S. v. Wells,* 219 N.C. 354, 13 S.E. 2d 613.

The said testimony as to Randolph's statements or declarations was incompetent as substantive evidence against Potter. Moreover, it was incompetent against Potter as corroborative of Randolph's testimony for the reason that Randolph had not testified. Thus, when offered and admitted, and when the State rested its case, the said testimony, as to Potter, was not competent for any purpose and had been erroneously admitted as to him. *S. v. Franklin,* 248 N.C. 695, 104 S.E. 2d 837.

After the State had rested its case, Randolph testified in his own behalf. His testimony, upon direct examination, tended to exculpate him and contained no reference to Potter. However, upon cross-examination, Randolph testified as to what Potter had said and done; and this testimony by Randolph tended to establish the alleged conspiracy. No motion was then made, either by Potter or by the State, that the court instruct the jury that the testimony of the Deputy Insurance Commissioner as to statements or declarations made to him by Randolph on March 17th previously admitted under the circumstances stated above, did not constitute substantive evidence but was for consideration only as it might corroborate the testimony given by Randolph on his said cross-examination. Such instruction was not given by the court either during the taking of evidence or in the charge.

The question arises: Was the erroneous admission of the said testimony during the presentation of the State's case cured by reason of Randolph's said testimony on cross-examination?

In a malicious prosecution action, *D'Armour v. Hardware Co.,* 217 N.C. 568, 9 S.E. 2d 12, it was held that the erroneous admission, during the presentation of the plaintiff's case, of testimony that Briggs, who signed the warrant, had stated that the defendant's president had authorized him to do so, was cured and became competent "for the purpose of contradiction and impeachment" when Briggs, as a witness for the defendant, testified that defendant's president had not authorized him to do so. However, the prior declaration of Briggs and the testimony of Briggs related to one specific subject. Here, the statements or declarations attributed to Randolph and erroneously admitted include matters not covered by Randolph's testimony and in general constitute a more coherent and detailed narrative of facts tending to establish the guilt of Potter.

In *S. v. Litteral*, 227 N.C. 527, 43 S.E. 2d 84, a different factual situation was involved. There, after the prosecutrix had testified, the court admitted, for the purpose of corroboration, a written statement made by the prosecutrix to the investigating officers. The defendants contended some parts of the written statement did not tend to corroborate the prosecutrix. It was held that, as against a general objection to the written statement as a whole, the admission thereof was not erroneous, *Barnhill, J. (later C. J.),* citing prior decisions, said: "If the defendants objected to the statement in part and not as a whole they should have so indicated by proper motion or exception."

Here, when the said testimony as to Randolph's statements or declarations was admitted against Potter, Potter could not then object to specific portions thereof on the ground that they did not tend to corroborate Randolph for the simple reason that Randolph had not testified. The incompetent evidence having been erroneously admitted, the question is whether the error was cured and its prejudicial effect removed when the testimony of Randolph, given on cross-examination, became a part of the evidence in the case. Under the factual situation here considered, it would seem that the error was not wholly cured; and a serious question is presented as to whether, under the circumstances stated, the erroneous admission of said testimony, standing alone, remained of sufficient prejudicial effect to warrant a new trial.

Defendant assigns as error this excerpt from the charge: ". . . the Court so charges you that while the State relies on circumstantial evidence for a conviction, that it is the duty of the jury to accept the hypothesis which points to his innocence *as much so* as the hypothesis that points to his guilt." (Our italics)

As stated by *Barnhill, J. (later C.J.),* in *S. v. Wood,* 233 N.C. 636, 65 S.E. 2d 142: "It is entirely possible that the record is not an exact transcript of the charge as actually given by the court below. But we are bound by the record as it comes to this Court and must decide the questions presented as they appear therein."

The correct rule for the guidance of the jury is this: "When the circumstances taken together are as compatible with innocence as with guilt there arises a reasonable doubt and it is the duty of the jury to adopt the hypothesis of innocence even though that of guilt is the more probable." *S. v. English,* 214 N.C. 564, 566, 199 S.E. 920; *S. v. Madden,* 212 N.C. 56, 58, 192 S.E. 859, and cases cited. Under this rule, it is for the jury to determine whether the circumstances taken together are as compatible with innocence as with guilt. As to the sufficiency of circumstantial evidence to withstand a motion for

judgment of nonsuit, see *S. v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431; *S. v. Davis*, 246 N.C. 73, 97 S.E. 2d 444; *S. v. Horner*, 248 N.C. 342, 103 S.E. 2d 694.

Notwithstanding there was plenary evidence of Potter's guilt, we are constrained to hold that, for the reasons indicated, he is entitled to a new trial.

New trial.