STATE OF NORTH CAROLINA v. LEROY LITTLEJOHN, RALPH LITTLE-JOHN, BENJAMIN FOSTER AND WALLACE MOORE.

(Filed 2 June, 1965.)

**1. Conspiracy § 5—**

In a prosecution for conspiracy to commit larceny, a declaration of one of the alleged conspirators narrating the conspiracy and the part taken by each, which declaration is made after the commission of the larceny and the sale of the stolen property, is incompetent and prejudicial as to the others as an *ex parte* declaration, the acts and declarations of one conspirator being competent as against the others only when made during the existence of the conspiracy and in the furtherance of the common design, and when the existence of the conspiracy is established by evidence. *aliunde.*

**2. Conspiracy § 6—**

   Where there is evidence that one defendant stole certain tires, transported them in the vehicle of another defendant and sold them, statements by the other defendants that on the alleged date they accompanied the first defendant to sell the tires and received a certain amount each, but that they had no part in the theft of the tires, does not amount to an admission of conspiracy to commit the crime of larceny.

**3. Criminal Law § 169—**

   The admission of incompetent evidence which is prejudicial necessitates a new trial, but defendants are not entitled to dismissal even though there is insufficient competent evidence in the record to sustain conviction, since if the incompetent evidence had not been admitted the State might have introduced competent evidence upon the point.

**4. Conspiracy § 3—**

   One person alone may not be guilty of the crime of conspiracy, and therefore when all but one of the conspirators named is granted a new trial for the admission of incompetent evidence a new trial must be awarded as to all, and if upon the retrial insufficient competent evidence is introduced against the others and they are acquitted, the conviction of the lone defendant may not be allowed to stand.

APPEAL by defendants from *Froneberger, J.,* Fall 1964 Mixed Session of POLK.

This is a criminal action. It is charged in the bill of indictment that defendants, LeRoy Littlejohn, Ralph Littlejohn, Benjamin Foster and Wallace Moore, on Sunday, 7 June 1964, "unlawfully, wilfully and feloniously did combine, conspire, confederate and agreed *(sic)*, each with the other to take, steal and carry away" 9 tires (giving makes and serial numbers), "the value of $500; the property of P. L. Barnette . . ."

The defendants pleaded not guilty. The jury found all guilty as charged. From judgments imposing active prison sentences, defendants appeal.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*
*Christ Christ for defendants.*

MOORE, J.  The principal assignment of error relates to the admission in evidence, as against all of the defendants and over their objection, of a purported declaration of defendant Moore made after his arrest, and made in the absence of the other defendants. The declaration was made to P. L. Barnette, owner of the stolen tires, and to police officers.

The declaration was to this effect: Moore received an "order" for some tires from a man who resided in or near Landrum, S. C. On Sunday, 7 June 1964, Moore and the Littlejohns were together and discussed the "deal." They were at the home of LeRoy Littlejohn. Foster came to the house and Moore told him that he was going to "pull a little deal" and asked for the use of Foster's automobile. Moore indicated that it involved Barnette's service station. Foster said that if the deal was "pulled" he wanted something out of it. They drove to Barnette's service station, after putting LeRoy and Ralph Littlejohn out at a place across the street from the service station. Foster drove the car onto the "wash-rack" at Barnette's; Moore loaded the tires. They left, picked up Leroy and Ralph, carried the tires to Landrum and sold them for $45. Foster received $15 for the use of his car and the other three got $10 each.

The witness Barnette and the Chief of Police of Tryon, N. C. testified that Moore made the declaration on 9 June 1964, two days after the theft and sale of the tires. Defendant Moore did not testify. The declaration was incompetent and inadmissible as against Foster and Leroy and Ralph Littlejohn; it was clearly prejudicial. The existence of a conspiracy may not be established by the *ex parte* declaration of an alleged conspirator made in the absence of his alleged coconspirator. Only evidence of acts committed and declarations made by one of the coconspirators, after the conspiracy is formed, is competent against all, and then only when the declarations are made or the acts are committed in furtherance of the conspiracy. *State v. Potter*, 252 N.C. 312, 113 S.E. 2d 573; Stansbury: North Carolina Evidence (2d Ed.), § 173, pp. 442-3; 1 Strong: N. C. Index, Conspiracy, § 5, pp. 509, 510. "A declaration or act of one conspirator, to be admissible against his coconspirators, must have been made when the conspiracy was still in existence or in progress. Hence, the declaration or act of one is not admissible in evidence as against other members of the conspiracy if it was made after the termination of the conspiracy. . . . This is true whether the conspiracy is terminated by the achievement of its purpose or by the failure to achieve it. And a confession or admission by one conspirator, after he has been apprehended, is not in furtherance of the conspiratorial purpose, but in frustration of it, and his confession is not admissible against others in the conspiracy." 16 Am. Jur. 2d, Conspiracy, § 40, p. 148.

The declaration of defendant Moore is the only evidence in the record tending to show the existence of the conspiracy alleged or tending to implicate defendants LeRoy and Ralph Littlejohn and Foster in such conspiracy. There is no evidence in the record that Foster made any declaration, admission or confession. The witness Barnette testified

that LeRoy and Ralph Littlejohn made statements that they were with Moore on the date of the alleged offense, had no part in the theft of tires, accompanied Moore to Landrum to sell the tires, and received $10 each. This falls short of admission of a conspiracy to commit the crime of larceny, though it may be sufficient basis for prosecution for other criminal offense or offenses.

Nevertheless, defendants LeRoy and Ralph Littlejohn and Foster are not entitled to nonsuit and dismissal. Though the court below, in denying their motion for nonsuit, acted upon evidence which we now hold to be incompetent, yet if this evidence had not been admitted, the State might have followed a different course and produced competent evidence tending to establish the conspiracy. *State v. McMilliam*, 243 N.C. 771, 774, 92 S.E. 2d 202. Said defendants are entitled to a new trial and it is so ordered.

There must also be a new trial as to defendant Moore. A criminal conspiracy is an unlawful concurrence of *two or more* persons in an agreement to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. *State v. McCullough*, 244 N.C. 11, 92 S.E. 2d 389; *State v. Smith*, 237 N.C. 1, 74 S.E. 2d 291. A person may not conspire with himself. One person alone may not be convicted of criminal conspiracy, and when all of the alleged conspirators are acquitted except one, the one convicted is entitled to his discharge. *State v. Raper*, 204 N.C. 503, 168 S.E. 831. It is true that Foster and the Littlejohns have not been acquitted, but they will be entitled to an acquittal upon retrial unless the State is able to produce competent evidence of their participation in the alleged conspiracy. If the State is not able to do so, defendant Moore will be entitled to his discharge notwithstanding his admission. If upon retrial Moore is again convicted of the conspiracy charged, the conviction will not stand unless at least one of his alleged coconspirators is also convicted. Hence, Moore is entitled to a new trial that it may be determined whether, within the meaning of the applicable rules of law, he is guilty of the offense charged.

It is not to be inferred that there are not circumstances under which a single conspirator may be convicted of conspiracy. See 16 Am. Jur. 2d, Conspiracy, § 33, pp. 144-5; 15 C.J.S., Conspiracy, § 37, pp. 1060, 1061. However, in the instant case, as the circumstances appear to be in the record, conviction of only one defendant of the conspiracy may not be sustained; there must be conviction of at least two, otherwise all must be acquitted.

Other errors appearing in the record may not arise when the case is again tried. Therefore, we do not discuss them here. The State might be well advised to obtain, and proceed upon, bills of indictment charging offenses more in keeping with the evidence available.

As to all defendants,
New trial.