NELLIE HASTY, EXECUTRIX OF THE ESTATE OF MARTHA B. TURNER, PLAINTIFF v. WILLIAM W. TURNER, SR., IVAN DALE DOCKERY, WESLEY DEAN SAUL AND THOMAS EDWARD OLIFF, JR., DEFENDANTS

No. 8011SC960

(Filed 15 September 1981)

1. **Appeal and Error § 48.3; Conspiracy § 2; Evidence § 34.1— admission of testimony concerning admissions of less than all defendants—not prejudicial error**

In a civil case in which plaintiff alleged defendants conspired to murder testatrix and in which plaintiff sought damages as a result of that conspiracy, it was error to admit testimony of an SBI agent concerning admissions of two defendants as to any of defendants other than the makers of the declarations as the declarations were not made in furtherance of the conspiracy. The error was not prejudicial, however, as the guilty plea of each defendant to the conspiracy charge had been admitted without contest.

2. **Trial § 40— issues for jury—no error**

Where the possibility that the other defendants conspired independently of appellant was not raised by the evidence, it was not error to have excluded such a finding through the issues submitted to the jury.

3. **Rules of Civil Procedure § 59— motion to set aside verdict—judge's discretion**

Where plaintiff offered sufficient evidence to justify the award of compensatory damages in her civil action, defendant failed to show abuse of discretion by the trial court's denial of his motion for a new trial.

APPEAL by defendant, William W. Turner, Sr., from *Hobgood (Robert H.), Judge.* Judgment entered 26 March 1980 in Superior

Court, HARNETT County. Heard in the Court of Appeals 8 April 1981.

Plaintiff brought this wrongful death action to recover from defendants, jointly and severally, compensatory and punitive damages resulting from the death of testatrix, Martha B. Turner. The complaint filed 30 October 1975 charged that defendant appellant, Turner (hereinafter appellant), solicited and conspired with the other defendants, or some of them, to murder his wife, Martha B. Turner. Appellant answered the complaint denying all of the material allegations and asking that the complaint be dismissed.

At trial plaintiff presented evidence which tended to show that the testatrix was found dead in her home on 23 January 1974. She died from two gunshot wounds to her head.

Appellant told defendant Saul that he wanted to have his wife killed. Appellant gave Saul $3,000 with which to arrange the killing. Saul contacted defendant Oliff who, in turn, contacted defendant Dockery who agreed to murder the testatrix. Subsequently Oliff and Dockery went to the Turner home and murdered the testatrix. Saul paid Oliff $1,500 before the murder, and another $1,500 after the murder was completed.

Further evidence was presented by plaintiff concerning the issue of damages. This evidence showed that at her death testatrix was 35 and had a life expectancy of 37.76 years. She was not employed at the time of her death. Testatrix was survived by three children from a previous marriage, and one infant from her marriage to appellant.

Defendants did not present any evidence.

The jury found that appellant had solicited and conspired with the other defendants to murder plaintiff's testate, Martha B. Turner. Likewise, the jury found that the other three defendants participated in the murder of Martha B. Turner pursuant to the alleged conspiracy. They awarded plaintiff $150,000 as compensatory damages, plus $75,000 as punitive damages.

Appellant appealed from the judgment entered awarding plaintiff $225,000 in damages.

*Love and Wicker, by Jimmy L. Love, and Hoyle and Hoyle, by Kenneth R. Hoyle, for plaintiff appellee.*

*O. Henry Willis, Jr., for defendant appellant.*

MORRIS, Chief Judge.

The trial court allowed William F. Dowdy, a special agent with the S.B.I. to testify for plaintiff at defendant's trial. Dowdy's testimony consisted of his recapitulation of incriminating statements made to him by defendants Oliff and Saul some time subsequent to the murder. These statements concerned the solicitation and formation of the conspiracy to murder the testatrix and the events surrounding the perpetration of the murder. Dowdy testified as to transactions occurring between the conspirators of which he had been told by defendants Oliff and Saul. At the beginning of Dowdy's testimony defendant's objection and motion to strike were sustained by the trial court. Immediately after so ruling, Judge Hobgood sent the jury from the courtroom and heard arguments from opposing counsel on this evidentiary matter. After hearing counsel's arguments, Judge Hobgood reversed his previous ruling, set aside the motion to strike, and allowed Dowdy's evidence to be considered by the jury. Before the jury returned, appellant repeated his objection to the admission of Dowdy's testimony. This time objection was based on the ground that if Oliff and Saul made their statements to Dowdy subsequent to the conspiracy, they should be inadmissible against appellant although they might still be admissible against Oliff and Saul. The trial court also denied this objection and allowed Dowdy to give his testimony without limitation as to its applicability.

[1] In his first assignment of error appellant contends that the trial court committed prejudicial error by allowing plaintiff's witness Dowdy to recapitulate for the jury the content of the post-conspiracy narrative statements given to him by Oliff and Saul. He also alleges that the trial court erred by not limiting the admissibility of these statements to the individuals who made them.

*State v. Littlejohn*, 264 N.C. 571, 142 S.E. 2d 132 (1965), involved a prosecution for conspiracy to commit larceny. Following the commisson of the larceny and the sale of the stolen property

one of the alleged conspirators made a declaration to the victim of the larceny and the police in which he narrated the events of the conspiracy and the part taken in it by each of the conspirators. The conspirator who made these declarations did not testify at trial. However, the victim and the police officer did testify and they recounted the conspirator's story for the jury. In holding that the declaration of the conspirator as retold by these witnesses was inadmissible and incompetent as against the other conspirators, Justice Moore stated:

> The existence of a conspiracy may not be established by the ex parte declaration of an alleged conspirator made in the absence of his alleged coconspirators. Only evidence of acts committed and declarations made by one of the coconspirators, after the conspiracy is formed is competent against all, and then only when the declarations are made or the acts are committed in furtherance of the conspiracy. *State v. Potter*, 252 N.C. 312, 113 S.E. 2d 573; Stansbury: North Carolina Evidence (2d Ed.), § 173, pp. 442-3; 1 Strong: N.C. Index, Conspiracy, § 5, pp. 509, 510. "A declaration or act of one conspirator, to be admissible against his coconspirators, must have been made when the conspiracy was still in existence or in progress. Hence, the declaration or act of one is not admissible in evidence as against other members of the conspiracy if it was made after the termination of the conspiracy. . . . This is true whether the conspiracy is terminated by the achievement of its purpose or by the failure to achieve it. And a confession or admission by one conspirator, after he has been apprehended, is not in furtherance of the conspiratorial purpose, but in frustration of it, and his confession is not admissible against others in the conspiracy." 16 Am. Jur. 2d, Conspiracy, § 40, p. 148.

*State v. Littlejohn*, 264 N.C. 571, 573, 142 S.E. 2d 132, 134 (1965). *See State v. Potter*, 252 N.C. 312, 113 S.E. 2d 573 (1960).

In the case *sub judice* a prima facie case of the conspiracy among all of the defendants to murder the testatrix had already been established by the introduction of the guilty pleas of appellant and the other defendants to the criminal charges of conspiracy to commit murder and second degree murder. However, on the authority of *Potter* and *Littlejohn* we think the trial court was in error in allowing the admission of Agent Dowdy's

testimony as to any of defendants other than the makers of those declarations, Oliff and Saul. Specifically, Dowdy's testimony was not admissible with regard to appellant. It is clear that the statements made to Dowdy by Oliff and Saul concerning appellant's solicitation and participation in the conspiracy were not made in furtherance of the conspiracy. These statements were merely narration of appellant's prior acts and statements. *See State v. Potter*, supra.

Despite the erroneous admission of Agent Dowdy's testimony as it applied to appellant, we do not think he is entitled to a new trial. The burden is on the appellant not only to show error, but also to enable the Court to see that he was prejudiced and that a different result would have likely ensued had the error not occurred. *State v. Cross*, 284 N.C. 174, 200 S.E. 2d 27 (1973); *Collins v. Lamb*, 215 N.C. 719, 2 S.E. 2d 863 (1939); *see* G.S. 1A-1, Rule 61.

> The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative. (Citations omitted.)

*Board of Education v. Lamm*, 276 N.C. 487, 493, 173 S.E. 2d 281, 285 (1970). Plaintiff's exhibits 9, 14, 19 and 24 consisted of copies of the transcript of plea of each defendant which was entered in the criminal action against each in this matter. Each defendant, including appellant, pled guilty to conspiracy to commit murder and second degree murder. Appellant does not contest the admissibility of these documents. We think the evidence of these pleas in the criminal action constituted adequate uncontradicted evidence from which the jury could have arrived at its verdict. Agent Dowdy's testimony as to the incriminating statements of defendants Oliff and Saul was simply cumulative with respect to the evidence of these guilty pleas. Hence, we hold that the trial court's erroneous admission of Agent Dowdy's testimony with respect to appellant was harmless.

[2] In his third assignment of error appellant alleges that the trial court erred in its submission of the issues to the jury. Appellant contends that the issues submitted by the trial court were prejudicial to appellant, because the jury could not answer that the three codefendants, Oliff, Saul and Dockery, conspired to murder the testatrix without also finding that appellant was

likewise part of the same conspiracy due to the manner in which the issues were worded. The following issues, as submitted by the trial court, are pertinent to appellant's argument:

1. Did the defendant, William W. Turner, Sr., unlawfully, willfully, and feloniously solicit, hire, agree, plan, conspire and confederate to kill and murder plaintiff's testate, Martha B. Turner, with defendant Dockery, defendant Oliff or defendant Saul, or some of them, of his, and their, malice aforethought?

2. Did the defendant Ivan Dale Dockery, pursuant to said procurement, solicitation and conspiracy, kill and murder Martha B. Turner of his malice aforethought?

3. Did the defendant, Thomas Edward Oliff, pursuant to said procurement, solicitation and conspiracy, kill and murder Martha B. Turner of his malice aforethought?

4. Did the defendant, Wesley Dean Saul, pursuant to said procurement, solicitation and conspiracy, kill and murder Martha B. Turner of his malice aforethought?

Appellant maintains that the phrase "pursuant to said procurement, solicitation and conspiracy" in issues 2, 3 and 4 restrict the jury so that they could not answer issues 2, 3, and 4 "yes" without answering issue 1 "yes". Appellant insists that this amounted to prejudicial error. We disagree.

Generally, the form and number of issues submitted are within the discretion of the trial court. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971); *Chalmers v. Womack*, 269 N.C. 433, 152 S.E. 2d 505 (1967); *Circuits Co. v. Communications, Inc.*, 26 N.C. App. 536, 216 S.E. 2d 919 (1975). The issues submitted arise from the pleadings and the evidence.

[t]he issues will not be held for error if they are sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause. (Citations omitted.)

*Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E. 2d 505, 507 (1967).

Appellant now argues that defendants Oliff, Saul and Dockery may have conspired to murder the testatrix and may

have done so without his participation. He insists that there was an issue as to whether the other defendants conspired completely independently of him. This possibility was not raised during the lawsuit. No evidence was produced by either plaintiff or defendants to suggest that Saul, Dockery and Oliff acted independently of appellant. We think the issues submitted were sufficient to resolve the controversy arising upon the pleadings and evidence.

[3] Finally, appellant argues that the trial court erred by denying his motion for a new trial. Appellant relies upon the grounds that the admission of Agent Dowdy's testimony inflamed the jury causing them to give a large damage award, and that plaintiff failed to offer sufficient evidence to justify the award of compensatory damages.

> A motion to set aside the verdict and order a new trial is addressed to the discretion of the trial judge and "his ruling thereon is irreviewable in the absence of manifest abuse of discretion." *Britt v. Allen,* 291 N.C. 630, 635, 231 S.E. 2d 607, 611 (1977).

*Townsend v. Railway Co.,* 35 N.C. App. 482, 487, 241 S.E. 2d 859, 863, *affirmed,* 296 N.C. 246, 249 S.E. 2d 801 (1978).

The evidence with respect to damages tended to show the following: Testatrix was approximately 35 years old at her death and in excellent health. She had four children, ranging in age from 16 to six months. They had been a close family. At some point testatrix had worked at Spring Mills in South Carolina. Testatrix was a good housekeeper. After her death her children were in shock and they were "torn up" for a long while afterwards.

We hold that appellant has shown no abuse of discretion by the trial court's denial of his motion for a new trial. Appellant's assignments of error are overruled, and the trial court's judgment has

No error.

Judges MARTIN (Harry C.) and HILL concur.