JACKSON, Justice.
In this appeal we consider whether the admission of lab reports through the testimony of a substitute analyst violated defendant’s *53 Sixth Amendment right to confront the witnesses against him. Because the testifying analyst did not give her own independent opinion, but rather gave “surrogate testimony” reciting the testing analysts’ opinions, we affirm the decision of the Court of Appeals holding that there was a Confrontation Clause violation. See Bullcoming v. New Mexico,_U.S._,_, 131 S. Ct. 2705, 2716 (2011). Defendant is entitled to a new trial for the sale or delivery charge arising from the offense date of 6 March 2008. However, because the conspiracy convictions were not affected by the erroneous admission of the substitute analyst’s testimony, we reverse the decision of the Court of Appeals vacating those convictions and reinstate defend-ant’s conspiracy convictions arising from the offense dates of 3 March and 6 March 2008.
The State’s evidence at trial tended to show the following: On 3 March 2008, officers of the Chatham County Sheriff’s Department observed a controlled drug buy between undercover informant Daniel Zbytniuk and Christina Marie Smith. Defendant drove Smith in his mother’s car to the buy location. Smith testified that she received crack cocaine from defendant, took a small portion of it for herself as payment for making the handoff, and then gave Zbytniuk the remainder of the substance in exchange for money. Smith then handed the money to defendant. On 6 March 2008, officers observed another buy arranged between Zbytniuk and Smith. Similar to the 3 March 2008 buy, defendant drove Smith in his mother’s car, Smith gave a substance she testified to be crack cocaine to Zbytniuk in exchange for money, and Smith handed the money to defendant. On 21 March 2008, a third buy was arranged between Zbytniuk and Smith, this time for a larger amount and at a motel so that Zbytniuk could learn how to process crack cocaine. Officers set up surveillance in another room across the parking lot. Defendant dropped Smith off at the motel and left to get Zbytniuk’s cocaine. Defendant later returned to the motel with cocaine, which he gave to Zbytniuk in exchange for money. Defendant also brought baking soda and a cigar in a glass tube, which Smith used to show Zbytniuk how to cook powder cocaine into crack cocaine. Defendant left to try to find more cocaine, but was unable to do so. Smith then left in defendant’s mother’s car to purchase cocaine, but the car broke down and she had to call Zbytniuk and defendant to come pick her up. Officers arrested defendant as the pair were on their way to pick up Smith.
On 6 October 2008, defendant was indicted in Chatham County for: (1) conspiracy to sell or deliver cocaine and maintaining a place *54 for the keeping of controlled substances on 3 March 2008; (2) conspiracy to sell or deliver cocaine, maintaining a place for the keeping of controlled substances, and sale or delivery of cocaine on 6 March 2008; and (3) manufacturing cocaine, possession with intent to manufacture, sell, or deliver cocaine, sale or delivery of cocaine, maintaining a place for the keeping of controlled substances, and possession of drug paraphernalia on 21 March 2008. The State dismissed the charges of maintaining a place for the keeping of controlled substances on 3 March and 6 March 2008 and the charge of possession of drug paraphernalia on 21 March 2008.
At trial the State introduced Special Agent Kathleen Schell of the State Bureau of Investigation as an expert in forensic chemistry. Agent Schell testified about the identity, composition, and weight of the substances recovered on each of the three buy dates. She personally had tested the sample from 21 March 2008. However, Agents Tom Shoopman and Irvin Allcox had performed the testing on the samples from 3 March and 6 March 2008. Defense counsel objected on Sixth Amendment grounds, arguing that Agent Schell’s testimony and admission of the relevant lab reports violated defendant’s right to confront the witnesses against him. The trial court overruled defense counsel’s objection.
Defendant was convicted of multiple counts and sentenced to consecutive terms of: (1) thirteen to sixteen months for the consolidated offenses of two counts of conspiracy to sell or deliver cocaine on 3 March and 6 March 2008 and one count of sale or delivery of cocaine on 6 March 2008; and (2) sixteen to twenty months for the consolidated offenses of sale or delivery of cocaine, manufacturing cocaine, possession with intent to manufacture, sell or deliver cocaine, and maintaining a place for the keeping of controlled substances, all on 21 March 2008. Defendant appealed to the Court of Appeals, which vacated the convictions for two counts of conspiracy to sell or deliver cocaine on 3 March and 6 March 2008 and one count of sale or delivery of cocaine on 6 March 2008. State v. Craven, 205 N.C. App. 393, 405, 696 S.E.2d 750, 757 (2010). The Court of Appeals found no error in the convictions stemming from the events on 21 March 2008. Id. The State filed a Petition for Discretionary Review with this Court, seeking review of the decision vacating the 3 March and 6 March 2008 convictions.
 In State v. Ortiz-Zape,_N.C.__,__S.E.2d_(2013) (329PA11), we summarized the Supreme Court of the United States’ Confrontation Clause jurisprudence in deciding whether a defendant’s Confront *55 ation Clause rights were violated when an expert witness gave her opinion that a substance was cocaine, based upon testing performed by a non-testifying chemical analyst. There we held that “admission of an expert’s independent opinion based on otherwise inadmissible facts or data ‘of a type reasonably relied upon by experts in the particular field’ does not violate the Confrontation Clause so long as the defendant has the opportunity to cross-examine the expert.” Ortiz-Zape,_N.C. at_,_S.E.2d at_, slip op. at 13 (June 26, 2013) (quoting N.C.G.S. § 8C-1, Rule 703 (2011)). “We emphasize[d] that the expert must present an independent opinion obtained through his or her own analysis and not merely ‘surrogate testimony’ parroting otherwise inadmissible statements.” Id., slip op. at 13 (quoting Bullcoming,_U.S. at_, 131 S. Ct. at 2710). Accordingly, we must determine whether the testimony objected to here was an independent opinion obtained through Agent Schell’s own analysis or was merely surrogate testimony repeating testimonial out-of-court statements.[1] Nee id., slip op. at 15 (discussing preservation of error).
Here, defense counsel objected to portions of Agent Schell’s testimony about the substances recovered from the 3 March and 6 March 2008 buys. Regarding the 3 March 2008 sample, the State asked:
Q. Now did you also bring with you notes and documentation for the date of offense March 3, 2008?
A. I did.
Q. And who — who completed that analysis?
A. Mr. Tom Shoopman completed that analysis.
Q. And did you bring his report?
A. I did.
Q. Did you have a chance to review it?
A. I have.
Q. Do you agree with its conclusions?
A. I do.
*56 Q. What was Mr. Shoopman’s conclusion?
[Objection by defense counsel]
A. According to the lab report prepared by Tom Shoopman, the results for State’s Exhibit Number .... 10 were cocaine base schedule two controlled substance with a weight of 1.4 grams.
The lab report then was admitted into evidence.
Similarly, regarding the 6 March 2008 sample, the State asked:
Q. Now turning to State’s Exhibit Number 12 and offense date March 6th of 2008, did you bring a report from the SBI regarding that date of offense?
A. I did.
Q. Who conducted that analysis?
A. Mr. Irvin Allcox.
Q. And do you have that report in your hand?
A. Ido.
Q. And do you have the underlying data supporting that conclusion?
A. Ido.
Q. And you do agree with the conclusion stated in that report?
A. Ido.
Q. And what conclusion did [Mr. Allcox] reach?
[Objection by defense counsel]
A. The item .... twelve was cocaine base, schedule two controlled substance. And it had a weight of 2.5 grams.
That lab report also was admitted into evidence.
It is clear from this testimony that Agent Schell did not offer — or even purport to offer — her own independent analysis or opinion on the 3 March and 6 March 2008 samples. Instead, Agent Schell merely parroted Agent Shoopman’s and Agent Allcox’s conclusions from *57 their lab reports. Like the lab report in Bullcoming, these lab reports contained “[a]n analyst’s certification prepared in connection with a criminal investigation or prosecution.” Bullcoming,_U.S. at__,, 131 S. Ct. at 2713-14. Specifically, Agent Shoopman’s and Agent Allcox’s certifications stated: “This report represents a true and accurate result of my analysis on the item(s) described.” There is no doubt that the lab reports were “document[s] created solely for an ‘evidentiary purpose,’. . . made in aid of a police investigation, [and] rank[ ] as testimonial.” Id. at_, 131 S. Ct. at 2717 (quoting and citing Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311, 129 S. Ct. 2527, 2532 (2009)). Thus, the statements introduced by Agent Schell constituted testimonial hearsay, triggering the protections of the Confrontation Clause. “Absent a showing that [Agents Shoopman and Allcox] were unavailable to testify at trial and that [defendant] had a prior opportunity to cross-examine them, [defendant] was entitled to ‘ “be confronted with” ’ the [agents] at trial.” Melendez-Diaz, 557 U.S. at 311, 129 S. Ct. at 2532 (quoting Crawford v. Washington, 541 U.S. 36, 54, 124 S. Ct. 1354, 1365 (2004)); see also Bullcoming,_U.S. at _, 131 S. Ct. at 2710. Here the State did not show that Agents Shoopman and Allcox were unavailable and that defendant had a prior opportunity to cross-examine them. Accordingly, admission of Agent Shoopman’s and Agent Allcox’s testimonial conclusions through Agent Schell’s surrogate testimony violated defendant’s Sixth Amendment right to confrontation. See Bullcoming,_U.S. at_, 131 S. Ct. at 2710.
Having determined that admission of the out-of-court testimonial statements from the 3 March and 6 March 2008 lab reports was error, we now must determine whether that error was harmless beyond a reasonable doubt. See N.C.G.S. § 15A-1443(b) (2011).
With regard to the convictions for conspiracy to sell or deliver cocaine on 3 March and 6 March 2008, we reverse the decision of the Court of Appeals vacating those convictions. “A criminal conspiracy is an agreement between two or more people to do an unlawful act.” State v. Morgan, 329 N.C. 654, 658, 406 S.E.2d 833, 835 (1991). It is not necessary for the unlawful act to be completed. Id. “As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed.” Id. Agent Schell’s testimony regarding the substances obtained on 3 March and 6 March 2008 was not necessary for the State to prove beyond a reasonable doubt that defendant conspired to sell or deliver cocaine. Therefore, the erroneous admission of such testimony was harmless as to defendant’s convictions for conspiracy to *58 sell or deliver cocaine on 3 March and 6 March 2008. Accordingly, we instruct the Court of Appeals to reinstate these convictions.
With regard to the remaining conviction for sale or delivery of cocaine on 6 March 2008, the six participating members of the Court are equally divided on whether the error was harmless beyond a reasonable doubt. Consequently, the decision of the Court of Appeals, which held the error was reversible, remains undisturbed and stands without precedential value. See, e.g., Goldston v. State, 364 N.C. 416, 700 S.E.2d 223 (2010) (per curiam).
Nevertheless, the remedy ordered by the Court of Appeals was erroneous as a matter of law. Instead of vacating defendant’s conviction for sale or delivery of cocaine, the Court of Appeals should have ordered a new trial. See, e.g., State v. Littlejohn, 264 N.C. 571, 574, 142 S.E.2d 132, 134-35 (1965) (concluding that the defendants were entitled to a new trial, not dismissal of the charges against them, because the trial court, in denying their motion for nonsuit, acted upon incompetent evidence). Therefore, we reverse the Court of Appeals’ opinion with respect to the remedy and order a new trial on the sale or delivery conviction dated 6 March 2008. The decision of the Court of Appeals regarding defendant’s remaining convictions remains undisturbed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Justice BEASLEY did not participate in the consideration or decision of this case.

. Consistent with the approach adopted by the majority in Ortiz-Zape, we decline to adopt the concurrence’s four-part test for determining whether there is a Confrontation Clause violation.