STATE v. C. C. GARDNER and another.

*Conspiracy, where one defendant is competent witness for the other.*

On trial of an indictment for conspiracy, where the defendants are charged in the bill with conspiring with another who is not indicted, *it was held* that they were competent witnesses for each other under the act of 1866, ch. 43, § 3, and but for that charge (conspiring with the party not indicted) they would be incompetent.

(*State* v. *Tom*, 2 Dev., 569; *State* v. *Mainor*, 6 Ired., 340; *State* v. *Ludwick*, Phil., 401; *State* v. *Rose, Ib.*, 406; *State* v. *Parham*, 5 Jones, 416; *State* v. *Cox*, N. C. Term Rep., 155, cited and approved.)

INDICTMENT for conspiracy tried at Spring Term, 1880, of WAYNE Superior Court, before *Avery, J.*

The defendants, Gardner and Ellis, were indicted for con-spiring together with one Joyner (who was not indicted) to commit an assault and battery upon one William J. Kerr.

The jury found them guilty, and from the judgment pronounced they appealed.

*Attorney General,* for the State.

Messrs. *G. V. Strong, G. M. Smedes* and *W. T. Faircloth,* for defendants.

ASHE, J. There were several exceptions taken in the course of the trial, only one of which we deem necessary to be considered for the determination of the appeal. It is whether the defendants were competent witnesses for each other. Out of the mass of unnecessary evidence sent up in the statement of the case, we extract the following portion of it as sufficient to show the application of the principle of law which is presented by the record and upon which the case turns:

One Joyner, a witness for the state, with whom the defendants are charged in the bill as having conspired, but not indicted, testified that about the 5th of September, 1879, after the defendant, Gardner, had supplied him with a couple of drinks at a grocery at Saul's Cross Roads in the county of Wayne, he took witness out in front of the store and said to him, " I have a little trick I want you to help me go through with. There is a d—d thief in this place and we want you to help us whip him and run him away from here." Defendant Ellis was standing with him at the time. Witness said that is something I never do. Defendant Gardner said there is no use of going backwards, I hired you and you will get your money and you must do as I tell you. A white man then came up wearing a straw hat and said, " boys, you have waylaid your time, he has gone up to his house." The defendant Ellis then said, " I'll tell you what do, your man is about the size of Peter Barnes. Let him go there and call himself Peter Barnes and ask for whiskey for his wife, and he will get up and come to the door." The defendants

Gardner and Ellis both told him to go to the house of Wm. J. Kerr and as soon as Kerr came out "to knock him out for dead, so he could not make a bit of fuss." When they said this, they had gone with witness and had gotten under the mill house shelter about twenty-five or thirty yards from Kerr's house; that he left them under the shelter, went to Kerr's house and called him out, representing himself as Peter Barnes, and told him he wanted some whiskey and the clerk would not let him have any. As Kerr came to the door witness caught him by the throat and choked him; they got out of the door, and about that time some one fired a pistol near him and he ran off; about the same time three or four shots were fired from the shelter; he ran to the shelter, and Gardner and Ellis were still there and they fired three or four shots towards Kerr's house after he got there.

During the trial the defendant Ellis was offered as a witness for his co-defendant, Gardner, and his counsel proposed to show by his testimony facts and circumstances tending to show that the defendant Gardner was not present at the difficulty. It was offered as substantive evidence and also to contradict the witness Joyner, and Gardner's counsel proposed especially to prove by witness, that immediately before the shooting he was with the defendant Gardner at such a distance from the shooting that it was impossible for defendant Gardner to have been present at the shooting. The solicitor for the state objected. The objection was sustained and the defendant excepted.

We are of the opinion the exception was well taken.

Conspiracy is a crime which requires the guilty co-operation of two at least to constitute the offence, and upon the trial of an indictment of two for such an offence, the acquittal of one necessarily acquits the other. *State* v. *Tom*, 2 Dev., 569; *State* v. *Mainor*, 6 Ired., 340.

And it is contended on the part of the state that if Ellis is admitted as a witness to prove the innocence of Gardner,

the legal effect of it will be to acquit himself, for he will be giving evidence for himself, which the law did not permit at the time this indictment was tried. That would be true if the indictment charged the defendants with conspiring between themselves alone, for in that case the acquittal of one would necessarily amount to the acquittal of the other, and the testimony of the witness would be incompetent as falling within the exception in the third section of the act of 1866, ch. 43, which provides that nothing contained in the second section of the act shall render any person competent or compellable in a criminal proceeding, to give evidence for or against himself, &c. It was upon this construction of that section that in the case of *State* v. *Ludwick,* Phil. 401, the husband was held to be incompetent to testify in behalf of the prisoner where the wife of the witness was indicted as an accessory to the principal felon. The construction given that section of the act in that case was founded upon the distinction taken between those offences where the acquittal of one is in legal effect the acquittal of the other, as in cases of principal and accessory before the fact, conspiracy, fornication and adultery, and those cases where one may be innocent and the other guilty, as assault and battery, larceny, &c. *State* v. *Rose*, Phil. 406. But the principle involved in that construction does not apply to this case; for here, the two defendants are charged with a conspiracy between themselves and one Joyner who is not included in the indictment, and it has been held as settled law that one man may be indicted for a conspiracy with another to the jurors unknown. *State* v. *Tom*, *supra;* Bish. Cr. L., § 186; Whar. Cr. L., § 2338. In New York, in the case of *People* v. *Mallen,* 4 Wend., 229, it was held that an indictment for conspiracy was good, though the other conspirators were actually known to the grand jury and their names might have been actually set forth, for there was no legal necessity for making mention of their names. " In a

charge of conspiracy," said the court, "it seems no more necessary to specify the names of the defendants' coadjutors than in an indictment for an assault and battery to name others besides the accused who are concerned in the trespass, if the fact were really so." 1 Bish. Crim. Pro., § 186. It is also settled that in conspiracies, riots, fornication and adultery, and such like offences, where the concurrence of two or more is necessary to their commission, one party may be tried, convicted and punished before the other is tried. 3 Burr Rep., 1263; 1 Lord Raym, 484; 2 Salk., 593; *State* v. *Parham*, 5 Jones, 416. In the case of *State* v. *Cox*, N. C. T. Rep., 155 (597) it was decided that a man may be separately indicted for fornication and adultery. The charge there against the defendant was for bedding and cohabiting with a woman named Hawkins. A motion was made to quash the indictment because the woman was not joined with the defendant in the charge. The court sustained the indictment and the case is cited with approval in *State* v. *Parham, supra.* The principle upon which the decision was made in that case was that the defendant may be tried by himself and convicted, and judgment may be given against him, because *as to him* the guilt of the other party is found as well as his own; though the guilt of the woman is not found *as to her*, for that remains to be ascertained upon the trial which is subsequently to be had, though if the woman had been first tried and acquitted or had been tried jointly with the defendant and acquitted, the defendant must likewise have been acquitted. *State* v. *Tom, supra.*

Upon the authorities cited we are of the opinion the defendants were competent witnesses for each other under the act of 1866, ch. 43, inasmuch as they are charged with conspiring with another who is not indicted, and but for that charge would be incompetent for the reasons given.

As to the *matter* of their evidence after being introduced, that is another question to be considered by the court when

it arises on their examination, as for instance, it was competent for Ellis to testify as to the innocence of his co-defendant, but not that he himself was not guilty. Should it be objected that if the defendants should be examined in behalf of each other, the effect might be to acquit both, notwithstanding the charge that they conspired with another not joined in the indictment, the answer to that is, that the same objection would lie against the competency of the defendants, as witnesses for each other in every case.

There is error. Let this be certified to the superior court of Wayne county that further proceedings may be had in conformity to this opinion and the law.

Error.                              *Venire de novo.*