## STATE v. C. B. RAPER ET AL.

### (Filed 12 April, 1933.)

**Conspiracy B a—**

> One person alone may not be convicted of criminal conspiracy, and where all the defendants charged with conspiracy are acquitted except one, the one convicted is entitled to his discharge.

APPEAL by defendant Raper from *Clement, J.,* at January Term, 1933, of FORSYTH. Reversed.

The bill of indictment follows:

The jurors for the State, upon their oath, present: That C. B. Raper, C. R. Wilson, E. A. Brookshire, H. G. Myers, and George Hilton, late of the county of Forsyth, on 1 May, A.D. 1932, with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously did conspire, confederate and agree together to commit the following violations of the criminal laws:

1. Feloniously to forge and counterfeit a bill of lading on the Winston-Salem Southbound Railway Company for a carload shipment of cigarettes and by means thereof to get possession of said car and contents.

2. Feloniously to break the seal on railway cars containing cigarettes as freight in due course of transit on said railway, and to steal said cigarettes.

3. Feloniously to break and enter said car for the purpose of feloniously taking, stealing and carrying away cigarettes being shipped as freight from Reynolds Tobacco Company.

4. Feloniously to take, steal and carry away cigarettes being shipped as freight by Reynolds Tobacco Company over Winston-Salem Southbound Railway Company, to the evil example of all persons in like case offending, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

The appellant was convicted and from the judgment pronounced he appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Siler for the State.*

*L. B. Williams for defendant.*

ADAMS, J. The five defendants named in the indictment were tried in July, 1932, and Myers and Hilton were acquitted. *S. v. Raper,* 203 N. C., 489. These two conspired with neither of the others and neither

of the others conspired with them. At a later term Raper, Wilson, and Brookshire were put on trial and the jury acquitted Brookshire and Wilson and convicted Raper, who is charged with conspiring only with his codefendants. The acquittal of two of the defendants left open the question of a conspiracy among the other three; but when two of these were acquitted none was left with whom Raper could have conspired. The principle is stated in *S. v. Tom,* 13 N. C., 569, in which Tom, a slave, and Donum, a slave, were indicted for a conspiracy to murder. In holding that the acquittal of one was the acquittal of the other the Court said: "The other question is, whether the acquittal of one of two persons charged *nominatim* in the same indictment with a conspiracy, is an acquittal of the other. In this indictment six are charged. The case states that the evidence went only to a conspiracy between Tom and Donum, yet the jury found Tom guilty generally. That might well be done, though Donum were not guilty; because it is sufficient to show a conspiracy between Tom and any one of the others. If the case rested there, the judgment would be without difficulty affirmed; for this Court cannot grant a new trial, for the reason that the verdict is against evidence. But the court below instructed the jury that they might convict the prisoner, although they believed all the other persons, except Donum, to be not guilty, notwithstanding the previous acquittal of Donum upon the same indictment. The case is, therefore, upon the instructions given, the same as if Donum and the prisoner were the only defendants. . . . Now conspirators may be said to be coprincipals. The guilt of both must concur to constitute that of either; and it must consist of a joint act, and it makes one crime in both. As the trial of one need not precede that of the other, the trial of both ought to be concurrent. I think it more than probable that anciently such was the course. But, clearly, now it is otherwise. There are many precedents of the separate trial of persons indicted for offenses that could not be committed by less than two. *Rex v. Sudbury,* 1 Lord Raymond, 484; *S. c.,* 12 Mod., 262; *Rex v. Kinnersly,* 1 Str., 193; *Rex v. Niccolls,* 2 Str., 1227. It is too late now to question it. But it can never follow from those cases that where one of the persons, the establishment of whose guilt is essential to the conviction of the other, has been legally acquitted, the other does not thereby become discharged." The judgment is reversed. The appellant will be discharged.

Reversed.