STATE OF NORTH CAROLINA v. LONNIE B. NEWCOMB

No. 7726SC962

(Filed 18 April 1978)

1. Criminal Law § 10— accessory before the fact—elements

To justify a conviction of defendant as an accessory before the fact, the jury must find that he aided or advised the party who committed the offense, that he was not present when the offense was committed, and that the principal did commit the offense.

2. Criminal Law § 10.2— accessory before the fact—sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of being an accessory before the fact to the felonious sale of marijuana.

3. Criminal Law § 42.6— chain of custody of marijuana

Where a package of marijuana was sealed by the officer who seized it and was still sealed with no evidence of tampering when it arrived at a laboratory for analysis, the fact that unknown persons may have had access to it does not destroy the chain of custody.

4. Criminal Law § 102.5— remark by district attorney—absence of prejudice

Defendant, who was a police officer at the time of the alleged crime, was not prejudiced when the district attorney first referred to him as "Officer" and then stated that he had better say "Mr."

5. Criminal Law § 96— nonresponsive answers—withdrawal and instruction—absence of prejudice

Defendant was not prejudiced by a witness's nonresponsive answers where the court on each occasion struck the nonresponsive answer from the record and instructed the jury to disregard it.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 23 August 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 March 1978.

Defendant was indicted and tried for the offense of being an accessory before the fact to the felonious sale of marijuana.

The State's evidence, in summary, tends to show the following. Louise Freeman worked at a cleaning establishment in Charlotte during April, 1977. Defendant was a police officer with whom she was acquainted. She had a conversation with defendant on 13 April 1977 and told defendant that she wanted to buy some marijuana. Defendant agreed to bring marijuana to her at 11:30 a.m. on 15 April. She then called the police, and they sent officers to listen secretly during the 15 April meeting. Defendant appeared at the cleaners at about 11:45 a.m. on 15 April, and Freeman asked for $25.00 worth of marijuana. Defendant expressed concern that Freeman was trying to "bust" him but promised to "have you some brought up here in a little while." Defendant left and a young girl named Venecia Jean Crews appeared in about five minutes. Venecia said, "Lonnie sent me." Shortly thereafter she produced a quantity of marijuana for which Freeman paid her $30.00. Venecia testified that she knew defendant, had worked for him, and that when she saw defendant on 15 April 1977, he asked her to go to the cleaners "and see Louise about $25.00." She went to the cleaners, and Louise Freeman asked for some marijuana. She got some marijuana and sold it to Freeman for $30.00.

Defendant's evidence tended to show that he received information in January, 1977 "that Louise Freeman and some members of the Police Department were going to try to set me up," and that on 21 March 1977, he wrote a letter setting forth this suspicion and gave it to Sherman Sides to hold for him. He got many calls from Louise Freeman asking him to meet her. When he met Freeman she asked to buy marijuana. He "planned to see that Mrs. Freeman got her pot and arrest her for it." He met Venecia Jean Crews and "sent Venecia up there to see if I could get Mrs. Freeman to buy anything, actually buy some grass or pot." He contended that, at all times, he was acting as a police officer.

Defendant was convicted as charged, and judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney Donald W. Grimes, for the State.*

*E. Clayton Selvey, Jr., for defendant appellant.*

VAUGHN, Judge.

[1, 2]  Several of defendant's assignments of error are directed to the sufficiency of the evidence. To justify the conviction of defendant as an accessory before the fact, the jury must find that he aided or advised the parties who committed the offense, that he was not present when the offense was committed, and that the principal did commit the offense. *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. den.*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed. 2d 226 (1977); *State v. Bass*, 255 N.C. 42, 120 S.E. 2d 580 (1961). Venecia Crews admitted that she sold marijuana. All the witnesses agreed that defendant was not present when the sale was made. Defendant testified that, "I sent Venecia up there to see if I could get Mrs. Freeman to buy anything, actually buy some grass or pot." This evidence was sufficient to present to the jury.

[3]  Defendant also assigns as error the admission of the marijuana into evidence. He argues that "a constant chain of custody" was not established. Although we have not recited all of the evidence, it suffices to say that the chain of custody was properly established. Where a package of evidence is properly sealed by the officer who gathered it and is still sealed with no evidence of tampering when it arrives at the laboratory for analysis, the fact that unknown persons may have had access to it does not destroy the chain of custody. *State v. Jordan*, 14 N.C. App. 453, 188 S.E. 2d 701 (1972), *cert. den.*, 281 N.C. 626, 190 S.E. 2d 469.

[4]  During cross-examination of defendant the district attorney referred to him as Officer Newcomb and then corrected himself with "I better say Mr. Newcomb . . . ." Objection was sustained. Defendant now argues that the district attorney intended to humiliate him and that the prejudice could not be removed from the jury's consideration. We doubt that addressing defendant as "Mr." instead of "Officer" had the slightest influence on the jury in favor of either defendant or the State. Certainly, it is not cause for a new trial.

[5]  Defendant makes assignments or error relating to the effect on the jury of certain nonresponsive answers to the State's questions. The court repeatedly cautioned the witness Freeman to limit her answers to the question asked. Each time she did not do so, the court promptly struck her answer from the record and in-

structed the jury to disregard it. "Ordinarily it is presumed that the jury followed such instruction and the admission [of evidence later struck from the record] is not held to be reversible error unless it is apparent from the entire record that the prejudicial effect of it was not removed from the minds of the jury by the court's admonition." *Smith v. Perdue*, 258 N.C. 686, 690, 129 S.E. 2d 293, 297 (1963). There is no reason to believe, based on this record, that the jury depended upon this evidence in any way to arrive at the verdict. *See also State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970).

Many of defendant's other exceptions are taken to the district attorney's argument to the jury. He contends that the district attorney argued matters that were not in evidence and matters of personal opinion. We first point out that ordinarily it is the defendant's duty to object to improper argument. *State v. Peele*, 274 N.C. 106, 161 S.E. 2d 568 (1968), *cert. den.*, 393 U.S. 1042, 89 S.Ct. 669, 21 L.Ed. 2d 590 (1969). In this case, where defendant objected to argument based on facts he contended were not in evidence, his objection was sustained, and the jurors were cautioned to find the facts from their own recollection.

"The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge. He sees what is done, and hears what is said. He is cognizant of all the surrounding circumstances, and is a better judge of the latitude that ought to be allowed to counsel in the argument of any particular case." *State v. Barefoot*, 241 N.C. 650, 657, 86 S.E. 2d 424, 429 (1955).

We have considered defendant's remaining assignments of error. No error that would require a new trial has been shown.

No error.

Judges PARKER and WEBB concur.