STATE OF NORTH CAROLINA v. TOMMY FRANKLIN ESSICK

No. 8322SC787

(Filed 17 April 1984)

1. Narcotics § 3.3— testimony that material appeared to be marijuana—qualification of witness

   A police detective was sufficiently qualified to give an opinion that the "vegetable type material" which he observed "appeared to be marijuana" where he testified that he had been employed by the sheriff's department for three and a half years and that he was on a special drug case assignment at the time of the offense in question.

2. Criminal Law § 42.6— chain of custody—access of others to evidence locker

   The fact that officers other than those who gathered and sealed certain evidence may have had access to the evidence locker did not destroy the chain of custody of the evidence.

3. Narcotics § 4— conspiracy to sell and deliver marijuana—sufficiency of evidence

   The State's circumstantial evidence was sufficient to support conviction of defendant for conspiracy to sell and deliver marijuana.

4. Conspiracy § 3.1— dismissal of charge against co-conspirator—plea to lesser charge by other co-conspirator—conviction of defendant

   The dismissal of charges against one co-conspirator for conspiracy to sell and deliver marijuana upon a finding of no probable cause and the acceptance of a negotiated plea of guilty to a lesser charge by the second co-conspirator did not constitute judgments of acquittal of both co-conspirators on the conspiracy charges so as to require that defendant's conviction on the conspiracy charge be set aside.

5. Solicitors § 1— failure of witness to testify for defendant—no prosecutorial misconduct

   There was no evidence that a witness refrained from testifying for defendant because of prosecutorial misconduct where affidavits from two assistant district attorneys showed that they contacted the witness's attorney to clarify whether the witness was to testify at trial, the attorney's response was that his client "knew nothing about which he could testify," and the witness was never subpoenaed by defendant.

6. Criminal Law § 181— motion for appropriate relief—oral testimony not necessary

   The trial court is not required to permit oral testimony when considering a motion for appropriate relief made pursuant to G.S. 15A-1414 when only questions of law arise or when the court determines from the materials submitted that the motion is without merit. G.S. 15A-1420(c)(1).

APPEAL by defendant from *Davis, Judge.* Judgment entered 15 April 1983 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 7 February 1984.

The defendant was charged with feloniously conspiring with Troy Melton and Billy Joe Burcham to sell and deliver marijuana in violation of N.C.G.S. 90-95(a)(1). On defendant's plea of not guilty, the matter was tried on 11 April 1983 in Superior Court. The jury returned a verdict of guilty on 15 April 1983. Judgment was entered on the verdict sentencing the defendant to ten years.

Defendant filed a motion for appropriate relief alleging that the State improperly influenced one of the defendant's witnesses causing him not to appear and further alleging that the verdict was contrary to the evidence. The motion was heard on 31 May 1983 and was denied.

The evidence for the State tends to show that on 2 September 1982, two law enforcement officers in a private plane observed the defendant and Troy Melton carrying on a conversation at defendant's pickup truck parked outside of Dean's Pool Hall. At trial Mr. Melton testified that he and the defendant discussed the price of some marijuana. After the conversation, the defendant left and made a phone call. Later, Billy Joe Burcham arrived at the pool hall and went inside to meet Troy Melton. Shortly thereafter Melton and Burcham left Dean's Pool Hall in separate vehicles. They traveled some distance, stopping at a white frame house, not visible from the road, where the transfer of marijuana took place. Melton drove a short distance from the house before being stopped by law enforcement officers who were in radio contact with the airplane. The officers seized from the trunk of the car material later identified as marijuana and identified at trial as State's Exhibits one through eleven.

Warrants were issued against Melton and Burcham on 13 October 1982 on the charge of conspiring with the defendant to sell and deliver marijuana in violation of N.C.G.S. § 90-95(a)(1) (1981 and Supp. 1983). Prior to the trial, charges against Burcham were dismissed for lack of probable cause. Melton testified for the State and after trial the State accepted a no contest plea to the lesser charge of maintaining a motor vehicle for purposes of keeping controlled substances.

From the judgment of the court and the order denying the motion for appropriate relief, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Michael Rivers Morgan for the State.*

*Smith, Michael & Penry by Robert B. Smith, Jr., for the defendant-appellant.*

EAGLES, Judge.

## I.

Defendant's first three exceptions and assignments of error raise evidentiary questions. For the reasons stated below, we find no error.

## A.

[1] The defendant assigns as error that the prosecution failed to lay a proper foundation for admission into evidence of testimony by Detective Sammy Hampton that he saw marijuana in the trunk of the car that had been operated by Troy Melton. The basis for defendant's contention is that Detective Hampton was not properly qualified to give an opinion that the "vegetable type material" which he observed "appeared to be marijuana."

Determination that a witness possesses the requisite skill to testify as an expert is a question of fact generally within the exclusive province of the trial court. *State v. King*, 287 N.C. 645, 658, 215 S.E. 2d 540, 548 (1975); *State v. Young*, 58 N.C. App. 83, 87, 293 S.E. 2d 209, 212 (1982). Further, where there is evidence of qualification, the trial court's decision to permit one to testify as an expert is tantamount to holding him to be an expert in the field of his testimony. *State v. Moore*, 245 N.C. 158, 95 S.E. 2d 548 (1956). Detective Hampton testified at trial that he had been employed by the sheriff's department for three and a half years and at the time of the criminal offense he was on a special drug case assignment. We conclude that there was no abuse of discretion by the trial court and that based on Detective Hampton's experience, he was better qualified than the jury to form an opinion on the subject matter to which he testified. *State v. Phifer*, 290 N.C. 203, 213, 225 S.E. 2d 786, 793 (1976).

## B.

[2]  Defendant assigns as error that the prosecution failed to establish a connected chain of custody in order to permit proper introduction of the bags of marijuana into evidence. He bases this contention on the use of such phrases as "to the best of my knowledge" and "as far as I know." These phrases were used by the testifying officers when asked whether any persons other than themselves had access to the evidence locker. The fact that officers other than those who gathered and sealed the evidence may have had access to the evidence locker does not destroy the chain of custody. *State v. Newcomb*, 36 N.C. App. 137, 243 S.E. 2d 175 (1978). There was no testimony that any tampering with the evidence occurred. We therefore conclude that the evidence is properly admissible.

## C.

[3]  The defendant further argues that the trial court erred in denying his motions to dismiss based on the State's failure to present sufficient evidence of conspiracy to submit the case to the jury or to sustain the jury's verdict.

A motion to dismiss in a criminal case requires the court to weigh all of the evidence in the light most favorable to the State and the State is entitled to all reasonable inferences that arise from the evidence. *State v. Fletcher*, 301 N.C. 709, 272 S.E. 2d 859 (1981). If more than a scintilla of evidence as to each element of the offense is presented, then the case must be submitted to the jury. *State v. Agnew*, 294 N.C. 382, 387, 241 S.E. 2d 684, 688 (1978).

A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. To constitute a conspiracy it is not necessary that the parties should have come together and agreed in express terms to unite for a common object; rather, a mutual, implied understanding is sufficient, so far as the combination or conspiracy is concerned, to constitute the offense. The conspiracy is the crime and not its execution. . . . The existence of a conspiracy may be established by direct or circumstantial evidence. "Direct proof of the charge [conspiracy] is not essential, for such is rarely ob-

tainable. It may be, and generally is, established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy." [Citations omitted.]

*State v. Abernathy,* 295 N.C. 147, 164-165, 244 S.E. 2d 373, 384 (1978).

A review of the record tends to show that there was ample circumstantial evidence to sustain the charges. Reasonable inferences drawn from the evidence of meetings, personal conversations and the telephone call tend to show that there was a mutual, implied understanding that there would be a sale and delivery of marijuana. This assignment of error is without merit.

## II.

[4] Defendant contends that his conviction of conspiracy must be set aside because neither of the two individuals with whom he was alleged to have conspired was convicted of felonious conspiracy charges. Prior to defendant's trial the conspiracy charges against Burcham were dismissed upon a district court finding of no probable cause. After defendant's trial at which Melton testified for the State, the State accepted from Melton a plea of no contest to a misdemeanor charge of maintaining a vehicle for the purpose of sale and delivery of a controlled substance. Defendant maintains that those actions, i.e., dismissal of charges against Burcham and a negotiated plea to a lesser charge by Melton, constitute judgments of acquittal as to both on the charges of conspiracy. We do not agree.

On an indictment for conspiracy in which the co-conspirators are named, if all named co-conspirators but the defendant are acquitted, the conviction of the one may not stand. *State v. Raper,* 204 N.C. 503, 168 S.E. 831 (1933); *State v. Gardner,* 84 N.C. 732 (1881); *State v. Tom,* 13 N.C. 569 (1830). In the absence of acquittals of all named co-conspirators, the defendant's conviction will stand. *State v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686 (1947).

Here, however, there is no evidence that the two named co-conspirators were acquitted. While defendants urge that the dismissal of the charges upon a finding of no probable cause is the equivalent of an acquittal, it clearly is not. In addition, the record makes reference to a plea arrangement between Burcham and the

State but contains no evidence of an acquittal of Burcham. The record is not clear as to whether the plea arrangement concerns misconduct pursuant to this conspiracy. Where one defendant charged with conspiracy enters a plea of no contest to a lesser included charge, his co-conspirator may alone be convicted of the conspiracy. *State v. Anderson*, 208 N.C. 771, 182 S.E. 643 (1935). Further, Melton's plea of no contest to lesser related charges clearly does not serve as a judgment of acquittal to the conspiracy charges. Since there is no evidence that both named co-defendants have been acquitted of the conspiracy charge, defendant's argument must fail.

## III.

[5] The last two issues raised relate to the denial of defendant's motion for appropriate relief. They are considered together because the resolution of one issue necessarily resolves the other.

In his motion, defendant contends that he is entitled to relief because the prosecution improperly influenced Burcham so as to cause him to refrain from testifying on defendant's behalf and because the court refused to permit defendant to offer oral testimony in support of his motion for appropriate relief. The basis for this first contention is the allegation that an assistant district attorney contacted Burcham's attorney and told him that the State would not honor a plea arrangement with Burcham if he testified for the defendant. Affidavits from two assistant district attorneys show that neither improperly influenced Burcham or his attorney, but that they merely tried to clarify whether or not Burcham was to testify at trial. Burcham's attorney's response was that his client "knew nothing" about which he could testify. Further, he stated that his client had not been called to testify. Burcham was never subpoenaed by defendant. From these facts the trial court properly concluded that there was no evidence of prosecutorial misconduct and properly denied defendant's motion for appropriate relief.

[6] The trial court is not required to permit oral testimony when considering a motion for appropriate relief if made pursuant to G.S. 15A-1414, when only questions of law arise, or when the court determines from the materials submitted that the motion is without merit. G.S. 15A-1420(c)(1). Here the motion was based on

grounds stated in G.S. 15A-1414(b) and acceptance of testimony in addition to affidavits was not required.

In the trial and in denial of the motion for appropriate relief, there was

No error.

Judges HEDRICK and HILL concur.