STATE OF NORTH CAROLINA v. RANDOLPH FRYAR

No. 8810SC71

(Filed 4 October 1988)

**1. Conspiracy § 5.1— evidence of participation of acquitted co-conspirator allowed — erroneous admission**

In a prosecution of defendant for conspiring to traffic in more than 400 grams of cocaine, the trial court erred in admitting evidence of the participation of a previously acquitted individual in the alleged conspiracy.

**2. Narcotics § 4.6— instructions on "knowing" possession of cocaine—no error**

The trial court's instruction to the jury that if they found that defendant "knowingly possessed cocaine, and that the amount which [he] possessed was four hundred grams or more, it would be [their] duty to return a verdict of guilty of trafficking in cocaine" was not error, though the court failed to include the modifier "knowingly" in the second clause of the instruction, since

State v. Fryar

the evidence showed that defendant carried over 900 grams of cocaine, and it
was for the jury to decide whether this was a knowing possession.

3. **Criminal Law § 7 — undercover drug operation — instruction on entrapment not
required**

In a prosecution for conspiring to traffic in more than 400 grams of co-
caine, possessing more than 400 grams of cocaine, and transporting more than
400 grams of cocaine where defendant was apprehended as the result of an
undercover operation, defendant was not entitled to an instruction on entrap-
ment.

APPEAL by defendant from *Read, J. Milton, Jr., Judge*. Judg-
ment entered 4 September 1987 in WAKE County Superior Court.
Heard in the Court of Appeals 6 September 1988.

Defendant was convicted in a jury trial of conspiring to traf-
fic in more than 400 grams of cocaine, possessing more than 400
grams of cocaine, and transporting more than 400 grams of co-
caine. He was sentenced to thirty-five years in prison.

At trial Detective James Ellerbe, of the Wake County
Sheriff's Department, testified that he had met the defendant
while working in an undercover operation to detect the sale of co-
caine. He testified that the defendant, along with Claude Enoch
and John Green, sold small quantities of cocaine to him on several
occasions. On 3 March 1986, Ellerbe discussed purchasing one kilo
of cocaine with the defendant and Green. Defendant flew to Phila-
delphia to obtain the cocaine, and Green instructed Ellerbe to
bring $42,000 to his apartment. Ellerbe, Green, and another un-
dercover SBI agent went to the Raleigh-Durham Airport. Ellerbe
testified that Enoch accompanied the defendant on the flight from
Philadelphia, and that when he met Enoch inside the airport he
told him that the defendant had the package. Defendant, Enoch,
Green, and Ellerbe eventually got into an automobile outside the
terminal. Defendant opened his suitcase and removed a package,
whereupon SBI agents surrounded the automobile and arrested
its occupants. The package was subsequently found to contain 990
grams of cocaine.

Enoch was tried before a jury and was found not guilty of
trafficking or of conspiring to traffic in more than 400 grams of
cocaine. Green was acquitted of trafficking in cocaine and was
convicted of conspiracy to traffic in cocaine, but the conviction
was vacated and remanded on appeal. *State v. Green* (filed in the

COA 2 August 1988). Evidence pertaining to Enoch's involvement in the transactions was introduced at the defendant's trial, although he had already been acquitted. Counsel for the defendant attempted to introduce Enoch's acquittal but the trial court refused to admit this evidence.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lorinzo L. Joyner, for the State.*

*John T. Hall for defendant-appellant.*

WELLS, Judge.

[1] Defendant contends that the trial court erred in admitting evidence of the participation of a previously acquitted individual and refusing to admit evidence of his acquittal in the defendant's conspiracy trial. We agree that the trial court erred in admitting evidence detailing the acquitted individual's participation in the alleged conspiracy.

N.C. Gen. Stat. § 90-98 (1985) identifies the crime of conspiracy to commit an offense violating the North Carolina Controlled Substances Act. A criminal conspiracy is "an agreement between two or more people to do an unlawful act. . . ." *State v. Bell*, 311 N.C. 131, 316 S.E. 2d 611 (1984), *State v. Worthington*, 84 N.C. App. 150, 352 S.E. 2d 695, *petition for review denied*, 319 N.C. 677, 356 S.E. 2d 785 (1987). Because the crime requires more than one conspirator, a defendant cannot be convicted if his alleged co-conspirators were acquitted. *State v. Raper*, 204 N.C. 503, 168 S.E. 831 (1933).

Justice (later Chief Justice) Ruffin, writing for the North Carolina Supreme Court in *State v. Tom*, 13 N.C. 569 (December Term, 1828-1830), described the crime of conspiracy as "requiring the guilty cooperation of two, at least, to constitute it, in which there is a *mutual dependence of the guilt* of each person upon that of the other. . . ." (Emphasis added.) The essence of a conspiracy is the agreement with another to violate the law; when the alleged co-conspirator has been found not guilty of the crime there is no basis upon which to convict the remaining defendant. In the case at bar, Claude Enoch had been found not guilty of conspiracy to traffic in cocaine; therefore, his previous actions or statements relating to the alleged conspiracy could not be used to convict the defendant of conspiracy.

[2]  Defendant also assigns as error the trial court's instruction to the jury that if they found that "Randolph Fryar knowingly possessed cocaine, and that the amount which [he] possessed was four hundred grams or more, it would be [their] duty to return a verdict of guilty of trafficking in cocaine." Defendant contends that this instruction enabled the jury to find him guilty of trafficking at the highest level of punishment even if he did not know how much cocaine he possessed. We reject this contention; the evidence showed that he carried over 900 grams of cocaine and it was for the jury to decide whether this was a knowing possession. The trial court's failure to include the modifier "knowingly" in the second clause of the instruction was not error.

[3]  In another argument, the defendant contends he was entitled to a jury instruction on entrapment. A defendant is entitled to the instruction when the defense is supported by the evidence, viewed in the light most favorable to the defendant. *State v. Jamerson*, 64 N.C. App. 301, 307 S.E. 2d 436 (1983). Defendant told Ellerbe prior to their discussing the kilo purchase that he was already "in business with some Colombians who could produce any amount of cocaine." The facts of this case do not show the degree of trickery or creation of the criminal design necessary to support the entrapment defense.

We likewise reject the defendant's assignments of error regarding the admission of the telephone bill for Fryar's Raleigh residence and the controlled substance itself. The record of long distance calls to Philadelphia was relevant to the proof of trafficking. The evidence relating to the packages of cocaine, furthermore, was sufficient to establish a clean chain of custody.

Defendant's contention that he was denied a speedy trial fails because his filing of the request for voluntary discovery tolled the running of N.C. Gen. Stat. § 15A-701 (1983 & Supp. 1987). *See State v. Marlow*, 310 N.C. 507, 313 S.E. 2d 532 (1984).

We do not reach the defendant's other assignments of error relating to his conspiracy conviction. We find no error with regard to his conviction for trafficking in cocaine by possessing and transporting over 400 grams of the substance, but because of the errors committed with regard to the conspiracy charge we hold that the defendant must receive a new trial on that charge.

The result is:

As to the trafficking convictions, Nos. 86CRS21281 and 86CRS21282,

No error.

As to the conspiracy conviction, No. 87CRS15321,

New trial.

Chief Judge HEDRICK and Judge ARNOLD concur.