DEPARTMENT OF TRANSPORTATION, Plaintiff v. IRIS M. TILLEY, Individually and as Trustee for Tilley Six Trust and T.T. Farms Trust and husband, THOMAS TILLEY; and VIRGINIA MORTGAGE COMPANY, Defendants

No. COA99-319

(Filed 18 January 2000)

**1. Eminent Domain— condemnation—amount of property affected—pretrial issue—subject matter jurisdiction not involved**

Although defendants contend the jury verdict must be voided in this land condemnation case based on the trial court not having subject· matter jurisdiction since plaintiff's Declaration of Taking did not correctly list the requisite entire tract affected, the real issue defendants are arguing involves the amount of affected property, and that issue should have been resolved before trial under N.C.G.S. § 136-108.

**2. Eminent Domain— condemnation—calculation of value—experts not limited by statutory formula**

Although the trial court erred in a land condemnation case by requiring defendants' expert real estate appraiser to calculate the value of the 1.25-acre tract taken according to the strict formula set under N.C.G.S. § 136-112(1) since that statute only speaks to the exclusive measure of damages to be used by the "commissioners, jury or judge," it was not prejudicial error since defendants have not shown a different result likely would have occurred absent the error, given the facts that: (1) the expert was permitted to ·complete his calculations during a recess and his calculations in no way changed his ultimate appraisal value of the 1.25-acre tract; and (2) the cross-examination of the expert's appraisal of the unaffected tract completed during the recess did not affect his credibility with respect to the valuation of the land actually condemned.

**3. Eminent Domain— condemnation—evidence—comparable sales after taking—exclusion not required**

Although the trial court abused its discretion in excluding evidence of two voluntary 1997 sales of the property, on the basis that they occurred after the date of taking, when our courts have only required that the similar sales not be too remote in time from the date of the taking and nowhere has there been a requirement that the sales also be prior to the taking, defendants were not

prejudiced because defendants' expert was adequately able to support his appraisal opinion through the three other sales and the addition of the two 1997 sales would not have bolstered his opinion in such a way that a different result would have likely occurred.

**4. Eminent Domain— condemnation—amount of property affected—pretrial issue—map**

Although defendants assign error in a land condemnation case to the trial court's jury instruction that the map used by the parties at trial accurately reflected the entire tract affected by the taking when the map included both the Northern and Southern Tracts, and defendants maintain that only the Southern Tract was actually affected by the taking, this argument is dismissed because the issue of what constitutes the entire tract affected should have been resolved before trial under N.C.G.S. § 136-108.

**5. Eminent Domain— condemnation—calculation of value— jurors limited by statutory formula**

Even though defendant contends in a land condemnation case that the jury should have been permitted to use the pre-taking and post-taking fair market values of the 2.99-acre Southern Tract since the 23.99-acre Northern Tract remained unaffected, the trial court did not err by instructing the jury to value the 1.25-acre tract taken by calculating the difference between the pretaking and post-taking fair market values of the entire 26.98-acre tract because N.C.G.S. § 136-112(1) provides a specific formula that must be used by juries in assessing the value of any land taken, using the entire tract affected.

**6. Eminent Domain— jury instructions—substantial damages—descriptive term**

The trial court did not improperly influence the jurors in a land condemnation case by telling them, as part of its instructions, that defendants were seeking "substantial" damages because as used in the instructions, "substantial" is purely descriptive in nature and does not carry with it the negative connotation defendants suggest.

Appeal by defendants from judgment entered 6 July 1998 by Judge David Q. LaBarre in Chatham County Superior Court. Heard in the Court of Appeals 8 December 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Emmett B. Haywood, for plaintiff-appellee.*

*Iris M. Tilley for defendant-appellant Iris M. Tilley and Thomas E. Tilley for defendant-appellants Thomas E. Tilley, Tilley Six Trust, T.T. Farms, and Virginia Mortgage Company.*

LEWIS, Judge.

This cases arises from a land condemnation hearing in which plaintiff sought to take a portion of defendants' property in order to widen a part of Highway 15-501 in Chatham County. Defendants appeal from a verdict in which the jury awarded them $13,500 as just compensation for the taking.

Defendants own a 26.98-acre tract of land in Chatham County. Russett Road, a private road built for the University of North Carolina Center for Autistic Children, traverses this tract, separating it into a 23.99-acre northern tract ("the Northern Tract") and a 2.99-acre southern tract ("the Southern Tract"). On 4 November 1996, plaintiff filed a Declaration of Taking, seeking to condemn a portion of defendants' property for highway construction. The Declaration of Taking described the tract affected by the taking as the entire 26.98-acre tract; it described the area to be actually taken as a 1.25-acre portion of the Southern Tract. The Northern Tract was to remain unaffected.

After extensive discovery, the trial court entered a pre-trial order on 9 June 1998 that contained many of the parties' pre-trial stipulations. One such stipulation stated:

The only issue in this case will read as follows:

"What sum are the defendants entitled to recover from the plaintiff, Department of Transportation, as just compensation for the appropriation of a portion of their property for highway purposes on November 4, 1996?"

The matter then proceeded to trial before a jury for a determination of that issue. At trial, plaintiff submitted the testimony of two expert real estate appraisers. John McCracken valued the 1.25-acre tract at $13,500. Lindsay Dean appraised it at $7525. Defendants submitted two valuations. Their expert appraiser, William Richardson, appraised the land at $180,800. Defendant Thomas Tilley, based upon

his own experience and knowledge of the property, then testified that the tract was worth $180,000. On 12 June 1998, the jury returned a verdict awarding defendants $13,500. Defendants now appeal.

[1] Defendants first argue that the jury verdict must be voided because the trial court did not have subject matter jurisdiction in this action. Specifically, they contend that plaintiff's Declaration of Taking was inherently flawed in its description of the property to be affected by the taking such that the trial court never acquired jurisdiction over the property plaintiff was seeking to condemn.

To fully understand defendants' argument, we must first outline the relevant pleading requirements for any Declaration of Taking filed by the Department of Transportation. Among other things, such Declaration must include:

(2) A description of the *entire tract or tracts affected* by said taking sufficient for the identification thereof.

(3) A statement of the estate or interest in said land taken for public use and a description of the area taken sufficient for the identification thereof.

N.C. Gen. Stat. § 136-103 (amended 1998) (emphasis added). Defendants argue that, because the 23.99-acre Northern Tract was not affected by the taking, the "entire tract or tracts affected" here was just the 2.99-acre Southern Tract. Because plaintiff's Declaration of Taking did not correctly list the requisite entire tract affected, defendants maintain that the trial court did not have subject matter jurisdiction over the property to be taken. We find this argument to be contrived and without merit. "A court has jurisdiction over the subject matter if it has the power to hear and determine cases of the general class to which the action in question belongs." *Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 324, 244 S.E.2d 164, 165 (1978). Our legislature has expressly conferred jurisdiction over condemnation matters on our superior courts. N.C. Gen. Stat. § 136-103(a) (amended 1998). As this action was instituted in Chatham County Superior Court, the trial court did have jurisdiction over the subject matter here.

In reality, defendants are contesting the propriety of the pleadings, not the propriety of the court's jurisdiction. In particular, defendants are alleging that the "entire tract or tracts affected" here is just the Southern Tract, not the entire 26.98-acre tract. This issue

should have been litigated, if at all, *before* trial. A condemnation hearing should proceed to trial only after all issues other than that of just compensation have been resolved—"[a] controversy as to what land a condemnor is seeking to condemn has no place in a condemnation proceeding." *Light Company v. Creasman*, 262 N.C. 390, 397, 137 S.E.2d 497, 502 (1964). Our legislature has specifically provided a mechanism for resolving disputes over issues other than just compensation. *See* N.C. Gen. Stat. § 136-108 (1999). The fact that a trial court's determination as to any of these other issues is immediately appealable, *see Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967), reinforces the notion that our courts want all issues to be resolved *before* the matter of just compensation is even addressed. Here, defendants failed to avail themselves of the mechanism provided in section 136-108, and instead specifically stipulated that only the matter of just compensation remained for resolution at trial. We will not reward this failure on appeal.

It is quite apparent to this Court that defendants have couched their argument in terms of subject matter jurisdiction in order to circumvent their pre-trial stipulation. Defendants correctly point out that subject matter jurisdiction cannot be consented to or stipulated to. *Stanley, Edwards, Henderson v. Dept. Conservation & Development*, 284 N.C. 15, 28, 199 S.E.2d 641, 650 (1973). But defendants' stipulation here had nothing to do with subject matter jurisdiction; it had to do with the issues to be resolved at trial. Defendants will not be allowed to create an issue of subject matter jurisdiction merely by phrasing it as one. The issue defendants are arguing involves the amount of affected property. As previously stated, this issue must be resolved before trial and will not be entertained on appeal from a verdict as to just compensation.

[2] Next, defendants argue that the trial court erred by requiring their expert appraiser to calculate the value of the 1.25-acre tract taken according to the strict formula set out by our legislature in N.C. Gen. Stat. § 136-112(1). In appraising the property taken, Mr. Richardson testified that he compared the fair market value of the Southern Tract before the taking with the fair market value of the Southern Tract after the taking to arrive at a difference of $180,800. He testified that he did not attempt to value the Northern Tract because it was unaffected by the taking. Plaintiff thereafter objected to his testimony as incompetent because he did not follow the statutory formula. That formula provides:

The following shall be the measure of damages to be followed *by the commissioners, jury or judge* who determines the issue of damages:

> (1) Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the *entire tract* immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes.

N.C. Gen. Stat. § 136-112 (1999) (emphasis added). Because Mr. Richardson only valued a portion of the entire 26.98-acre tract (namely the Southern Tract), the trial court instructed him to re-appraise the property according to the statutory formula. A fifteen-minute recess was then taken so that he could value the Northern Tract and add it to his calculations. He did so, and then continued his testimony to the jury pursuant to the statutory formula. By requiring Mr. Richardson to follow the strict statutory formula, we conclude the trial court erred. Nonetheless, we hold that the error resulted in no prejudice to defendants.

Expert witnesses, including real estate appraisers, must be given wide latitude in formulating and explaining their opinions as to value. *Power Co. v. Ham House, Inc.*, 43 N.C. App. 308, 312, 258 S.E.2d 815, 819 (1979). An expert is not restricted to any one specific measure or calculation. *See Board of Transportation v. Jones*, 297 N.C. 436, 439, 255 S.E.2d 185, 187 (1979) (listing three acceptable formulas). Section 136-112(1) does specify only one permissible calculation for the jury to use. Significantly, however, that section speaks only to the exclusive measure of damages to be used by the "commissioners, jury or judge"; in no way does it seek to restrict *expert real estate appraisers* to one particular method of ascertaining the fair market value of the property taken. *Id.* at 438, 255 S.E.2d at 187. Thus, "[i]n situations where elements of the property, such as the [Northern Tract] here, will remain constant in value despite the taking, expert appraisers will not have to include that value in their computations in order for their testimony to be competent." *Ham House*, 43 N.C. App. at 313, 258 S.E.2d at 819. After all, "[t]he logical consequence of assuming that only the [2.99] acre area was affected is that the diminution in its value will necessarily equal the diminution in value of the 'entire tract.'" *Guilford County v. Kane*, 114 N.C. App. 243, 246, 441 S.E.2d

556, 557 (1994). Accordingly, the trial court should not have required Mr. Richardson to re-appraise the 1.25-acre tract according to the restrictive formula outlined in the statute.

Despite the trial court's erroneous demand, we do not feel defendant is entitled to a new trial. In order to receive a new trial on appeal, defendants must not only show error, but must show that they were prejudiced as a result. *Hasty v. Turner*, 53 N.C. App. 746, 750, 281 S.E.2d 728, 730 (1981). In order to establish prejudice, defendants must demonstrate "that a different result would have likely ensued had the error not occurred." *Id.* Defendants have not met that burden here.

In his original testimony, Mr. Richardson explained to the jury that he did not take into account the Northern Tract because its value remained unaffected by the taking. After the trial court required him to take that tract into account, a recess was given so that he could value the Northern Tract. After the recess, he explained to the jury his amended calculations, but again pointed out that the resultant value of the 1.25-acre tract was still the same, regardless of his appraisal value as to the Northern Tract. Given that he was permitted to complete his calculations and that his calculations in no way changed his ultimate appraisal value of the 1.25-acre tract, we do not believe defendants have shown that a different result would have likely occurred absent the error.

We do note that, on cross-examination, plaintiff's counsel attempted to undermine Mr. Richardson's credibility by pointing out that his appraisal of the Northern Tract was only done during the fifteen-minute recess. Absent the trial court's error, of course, such cross-examination would not have been possible since Mr. Richardson should not have been required to appraise the unaffected Northern Tract in the first place. Although this cross-examination may have impugned Mr. Richardson's credibility with respect to his specific valuation of the Northern Tract, we do not believe it damaged his credibility with respect to the ultimate issue in this case—the valuation of the land actually condemned.

[3] In another assignment of error, defendants contest the exclusion of certain testimony by Mr. Richardson regarding two purportedly comparable real estate sales. In appraising the property taken, Mr. Richardson looked at five voluntary sales of similar property. These sales occurred on 30 September 1994, 19 May 1996, 17 November 1996, 5 September 1997, and sometime in November of 1997. Plaintiff

sought to exclude all testimony regarding the two sales from 1997 solely because they occurred after the date of taking. The trial court agreed and limited Mr. Richardson's testimony to the three other sales.

When the value of property is directly at issue, voluntary sales of property similar in nature, location, and condition to the land involved in the suit are admissible as circumstantial evidence of the condemned land's value, so long as the voluntary sales are not too remote in time. *Power Co. v. Winebarger*, 300 N.C. 57, 65, 265 S.E.2d 227, 232 (1980). Whether the properties are sufficiently similar is a matter within the sound discretion of the trial court. *City of Winston-Salem v. Cooper*, 315 N.C. 702, 711, 340 S.E.2d 366, 372 (1972). We conclude that the trial court abused its discretion here because it excluded the two 1997 sales solely because they occurred after the date of taking.

Plaintiff contends, and the trial court apparently agreed, that any voluntary sales occurring after the date of taking, such as the two 1997 sales here, are *per se* excludable. We disagree with plaintiff's stringent interpretation of the law in this State. Our courts have only required that the similar sales not be too remote in time from the date of the taking; nowhere have we affirmatively required that the sales also be prior to the taking. Plaintiff nonetheless relies on the following language from our Supreme Court to support its interpretation:

It is the rule in this State that the price paid at voluntary sales of land, similar in nature, location, and condition to the condemnee's land, is admissible as independent evidence of the value of the land taken if the *prior sale* was not too remote in time.

*State v. Johnson*, 282 N.C. 1, 21, 191 S.E.2d 641, 655 (1972) (emphasis added). We conclude that plaintiff's reliance on the "prior sale" language is misguided. A careful reading of *Johnson* reveals that our Supreme Court intended to attribute no significance to the word "prior." In *Johnson*, three purportedly comparable sales were used to assess the value of condemned land. *Id.* at 8, 191 S.E.2d at 649. One of these sales occurred after the date of taking. *Id.* Ultimately, however, the Supreme Court did not exclude this sale because it post-dated the taking, instead excluding it because it was sold to a prospective condemnor and thus was not truly a voluntary sale. *Id.* at 23, 191 S.E.2d at 656. Had our Supreme Court intended the "prior sale" language to affirmatively establish a requirement that all comparable sales must pre-date the taking, it surely would have used that

requirement to exclude the one post-taking sale there. Accordingly, we conclude that there is no affirmative requirement that any comparable sales must occur prior in time to the taking. By excluding the two 1997 sales solely on those grounds, the trial court erred.

Notwithstanding the erroneous exclusion of these two sales, we again discern no prejudice to defendants. We conclude that Mr. Richardson was adequately able to support his appraisal opinion through the three other sales. The addition of the two 1997 sales would not have bolstered his opinion in such a way that a different result would have likely occurred.

**[4]** Next, defendants assign error to the trial court's jury instruction. In its instruction, the trial court explained to the jury that the map used by the parties at trial accurately reflected the entire tract affected by the taking. That map included both the Northern and Southern Tracts. Defendants maintain that, because only the Southern Tract was actually affected by the taking, only it constituted the entire tract affected. As such, they contend that the trial court should not have referred to the entire map in its instructions, but just the 2.99-acre Southern Tract. We dismiss this argument for the same reasons we dismissed defendants' first argument. The issue of what constitutes the entire tract affected should have been resolved before trial through the procedures outlined in section 136-108. By not availing themselves of these procedures and instead stipulating that only the issue of just compensation remained for trial, defendants will not be allowed to come forward now and suggest that only the Southern Tract constituted the entire tract affected by the taking.

**[5]** Defendants also argue that the trial court erred by instructing the jury to value the 1.25-acre tract taken by calculating the difference between the pre- and post-taking fair market values of the entire 26.98-acre tract. Defendants contend that, because the Northern Tract remained unaffected, the jury should have been permitted to just use the pre- and post-taking fair market values of the 2.99-acre Southern Tract. Again, we reject this argument. As articulated earlier, our legislature has outlined a specific formula that must be used by juries in assessing the value of any land taken. That formula requires differentiating the pre- and post-taking fair market values of the *entire tract* affected. N.C. Gen. Stat. § 136-112(1) (1999). Accordingly, the trial court instructed the jury properly on the formula it was to use.

**[6]** Finally, defendants contend that the trial court improperly influenced the jurors by telling them, as part of its instructions, that

defendants were seeking "substantial" damages. Specifically, the trial court told the jury:

> On this issue [of the condemned property's value] the defendants and the plaintiff have different positions. The defendants contend that you should answer this issue *in a substantial sum* and have presented evidence which tends to show that the value of the entire tract immediately prior to the taking was $305,000, while the value of the remainder immediately after the taking was $125,000.

(Tr. at 276-77) (emphasis added). We fail to see any error in merely including the term "substantial" in the instruction. As used here, "substantial" is purely descriptive in nature and does not carry with it the negative connotation defendants would have us believe. Accordingly, we reject defendants' final argument.

No prejudicial error.

Judges WYNN and MARTIN concur.